Hemphill, Cii. J.
In relation to the refusal of the first charge, we are of opinion that there is no error in the ruling of the court.
There is some plausibility in the assumption that the 22d section of the act was intended to apply only to persons who left tho Republic with the intention of returning, and not to those who removed with no such intention, and who, in fact, never did return. But the object of the section was for tho pro *271 tection of domestic creditors. It was to their advantage that their debtors shoul d remain within tire limits of the State. And it was intended to protect them from the inconvcuieucc and loss to which they would be exposed by the absence of their debtors and consequent immunity of the latter from process and judgment. The permanent removal of the debtor would onlyaggravate the evil and hazard to the creditor. But whether the removal be permanent or temporary, the return of tho debtor is within the range of possibilities and in (lie contemplation of the law, and when that event does take place, the creditor can claim the advantage intended by the section in suspending the operation of the statute. Whether any modification should be made of this provision under certain circumstances, as, for instance, where the party leaves properly subject to attachment, is left to the wisdom of the Legislature. There is no exception in tho words of the law, and we are not authorized to admit of any not provided for or intended by tho legislative authority; consequently there was no error in refusing the charge as asked by the defendant.
Nora 95. — Teal v. Ayres, post, 58S; Henderson v. Ayres, 23 T., 96.
Nor is there any error in refusing tho second charge.
The proposition, as presented, has no direct application to the facts of the case. The deceased removed from the State before the note became due, and the statute did not commence to run during- his lifetime. There is no proof of any kind as to the time of his death. If we look to the facts of the case for presumptions as to that period, we may infer that administration was taken out within a reasonable time, a year or two years, for instance, after his death; and consequently, if even the statute did then commence to run, yet the bar would not have been completed prior to the commencement of the action. Without considering whether the charge, as a legal proposition, be correct or otherwise, we are of opinion that there'was no error in refusing to give it under the facts of this case.
Judgment affirmed.