Wendy **AHRENHOLD** f/k/a Wendy
S. Sanchez, Appellant

v.

Donald L. **SANCHEZ**, Appellee.

No. 05–06–00204–CV.

Court of Appeals of Texas,
Dallas.

July 12, 2007.

---

4. Please see the first footnote in this opinion for an explanation of this modification.

Harvey G. Joseph, Law Offices of Harvey G. Joseph, Dallas, for Appellant.

Griffin W. Collie, Dallas, for Appellee.

Before Justices MORRIS, WRIGHT, and FITZGERALD.

## OPINION

Opinion by Justice MORRIS.

After a trial without a jury on her claim for breach of a support and maintenance agreement, Wendy Ahrenhold f/k/a Wendy S. Sanchez questions whether the trial court made formal findings of fact and conclusions of law pursuant to her timely request, asserts section 16.063 of the Texas Civil Practice and Remedies Code tolls the applicable statute of limitations, and contends she was entitled to attorney's fees. We affirm in part and reverse and remand in part.

Ahrenhold filed this lawsuit seeking to recover $151,800 plus attorney's fees and costs for Sanchez's alleged failure to make payments under a 1992 support and maintenance agreement. She claimed Sanchez failed to make payments from February 15, 1993 through February 15, 2004. After concluding the statute of limitations barred Ahrenhold from recovering any payments due beyond the four-year period before she filed suit, the trial court rendered judgment in favor of Ahrenhold for $55,200 plus pre- and post-judgment interest. The trial court also denied Ahrenhold's request for attorney's fees. This appeal followed.

In her first issue, Ahrenhold questions whether the trial court entered formal findings of fact and conclusions of law. Our review of the record reveals the trial court signed a memorandum the day after the trial, and before the judgment was signed, purporting to be "findings of fact and conclusions of law in aid of judgment." In the memorandum, the trial court concluded (1) a portion of Ahrenhold's claim was barred by the statute of limitations and (2) that it would not take judicial notice of attorney's fees under section 38.004 of the Civil Practice and Remedies Code because Ahrenhold specifically sought attorney's fees under the support and maintenance agreement and not under section 38.001.

In her brief, Ahrenhold states that she agrees the trial court's memorandum adequately contains the trial court's findings of fact and conclusions of law so long as she is not deemed to have waived any complaint regarding her second and third issues. She does not, however, provide any argument or authority with respect to how the trial court's failure to enter more formal findings of fact and conclusions of law has harmed her or prevents her from properly presenting the issues in this appeal. Moreover, although she timely requested findings of fact and gave notice of past due findings, Ahrenhold never submitted to the trial court any more specific additional or amended findings. Accordingly, she has waived any complaint with respect to the adequacy of the trial court's findings of fact and conclusions of law. *See Alvarez v. Espinoza*, 844 S.W.2d 238, 242 (Tex.App.-San Antonio 1992, writ dism'd w.o.j.) We resolve Ahrenhold's first issue against her. In her second issue, Ahrenhold contends the trial court erred in concluding the statute of limitations barred that portion of her claim based on payments that were due earlier than four years before the date she filed suit. Specifically, Ahrenhold argues the statute of limitations was tolled pursuant to section 16.063 of the Texas Civil Practice and Remedies Code when Sanchez, who stopped making payments after February 1993, moved out of Texas in June 1994.

Section 16.063 suspends the running of the statute of limitations during the period a defendant is absent from the state. TEX. CIV. PRAC. & REM.CODE ANN. § 16.063 (Vernon 1997). Generally, section 16.063 applies to (1) resident defendants or (2) non-residents who are present in Texas when an obligation arises or when the cause of action accrues. *See Stone v. Phillips*, 142 Tex. 216, 176 S.W.2d 932, 933 (Tex.1944). Ahrenhold had the burden of pleading and proving Sanchez's absence from the state to avoid the statute of limitations. *See G. Richard Goins Const. Co., Inc. v. S.B. McLaughlin Assoc.*, 930 S.W.2d 124, 129 (Tex.App.-Tyler 1996, writ denied).

Here, the undisputed evidence reveals that the support and maintenance agreement was executed in Texas and that Sanchez, while residing in Texas, defaulted on his payment obligations under the agreement. The evidence further establishes that Sanchez moved out of Texas

about one year after he stopped making payments and never returned.

 The purpose of section 16.063 is to protect domestic creditors. *See Wyatt v. Lowrance,* 900 S.W.2d 360, 362, (Tex.App.-Houston [14th Dist.] 1995, writ denied). Ahrenhold falls squarely within the category of persons the statute is designed to protect. She was living in Texas when the agreement was executed. Likewise, Sanchez is precisely the type of defendant to which the statute applies. He resided in Texas when the agreement was executed and when he defaulted on the payments. Moreover, he left the state and never returned before the statute of limitations had run. Accordingly, the trial court erred when it refused to toll the statute of limitations under section 16.063. We resolve Ahrenhold's second issue in her favor.

In her third issue, Ahrenhold complains the trial court erred when it refused to award her attorney's fees. Specifically, Ahrenhold asserts that under section 38.004 of the Civil Practice and Remedies Code, the trial court should have taken judicial notice of the usual and customary attorney's fees and the contents of the case file to award her appropriate fees in the absence of any expert testimony on attorney's fees. Sanchez contends that because Ahrenhold only sought attorney's fees under the support and maintenance agreement, section 38.004 does not apply. We agree with Sanchez.

In her pleadings and during the trial, Ahrenhold sought attorney's fees specifically under the support and maintenance agreement. She did not request attorney's fees pursuant to section 38.001 which permits the recovery of attorney's fees for specified claims. *See* TEX.CIV.PRAC & REM. CODE ANN. § 38.001 (Vernon 1997). Because Ahrenhold asserted her claim to attorney's fees under the agreement and not under section 38.001, the trial court could not take judicial notice under section 38.004. *See Hasty Inc. v. Inwood Buckhorn Joint Venture,* 908 S.W.2d 494, 503 (Tex.App.-Dallas 1995, writ denied). We resolve Ahrenhold's third issue against her.

In conclusion, we reverse the trial court's judgment in part and remand this cause to the trial court to recalculate damages and pre- and post-judgment interest in light of our conclusion that section 16.063 of the Civil Practice and Remedies Code tolled application of the statute of limitations in this case. We affirm the trial court's judgment in all other respects.