Jessica ZAVADIL, Appellant,

v.

SAFECO INSURANCE COMPANY OF ILLINOIS, Appellee.

No. 14–09–00568–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 23, 2010.

Wanda Fowler, Howard L. Close, Jessica A. Zavadill, Houston, for appellant.

Christopher A. Fusselman, Houston, for appellee.

Panel consists of Chief Justice HEDGES, Justice ANDERSON, and Senior Justice MIRABAL.*

## OPINION

MARGARET GARNER MIRABAL, Senior Justice (Assigned).

In this negligence suit arising from a motor vehicle accident between two individuals, both of whom resided in Texas at all relevant times, it is undisputed that suit was filed more than two years after the cause of action arose. The dispositive question in this appeal is whether the limitations period was tolled during each of the approximately fourteen days during the two-year limitations period that the resident defendant spent outside Texas. Because we conclude that these travels do not constitute "absence from the state" as this language from the tolling statute[1] has been interpreted by the Texas Supreme Court, we reverse the trial court's denial of appellant's summary-judgment motion and its grant of appellee's cross-motion, and we render judgment dismissing the suit with prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Jessica Zavadil, a Texas resident, was involved in an automobile accident with Zongliang Tang on November 18, 2006. On December 1, 2008, Tang's insurer, appellee Safeco Insurance Company of Illinois ("Safeco") filed suit against Zavadil for negligence. Zavadil was served on December 16, 2008.[2]

Zavadil moved for final summary judgment on the affirmative defense of limitations, arguing that the suit is time-barred under the two-year statute of limitations applicable to negligence actions. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003 (Vernon Supp. 2009). Safeco filed a cross-motion for partial summary judgment, relying on Zavadil's stipulation that she traveled outside Texas on various occasions during the period from November 18, 2006 through December 1, 2008, and the time that she spent outside the state totaled at least fourteen days. Thus, Safeco argued, section 16.063 of the Texas Civil Practice and Remedies Code tolled the limitations period for a total of fourteen days, and this suit, filed two years and thirteen days after the accident, is timely.

The trial court denied Zavadil's summary-judgment motion and granted Safe-

* Senior Justice Margaret Garner Mirabal sitting by assignment.

1. TEX. CIV. PRAC. & REM.CODE ANN. § 16.063 (Vernon Supp. 2009).

2. Safeco contends that it mailed the petition on November 28, 2008, and thus, under Texas Rule of Civil Procedure 5, suit is deemed filed that day. We disagree. Under Rule 5, documents properly addressed, stamped, and mailed by first-class United States mail "on or before the last day for filing same" are "deemed filed in time" if received by the court clerk "not more than ten days tardily." TEX.R. CIV. P. 5. Because Safeco's petition was not mailed "on or before the last day for filing same," Rule 5 does not apply; thus, suit was instituted when the petition was received by the clerk on December 1, 2008.

co's motion for partial summary judgment. Zavadil now brings this agreed interlocutory appeal. *See* Tex.R.App. P. 28.2.

## II. Issues Presented

In five issues, Zavadil challenges the trial court's ruling that the statute of limitations was tolled pursuant to Texas Civil Practice and Remedies Code section 16.063. In her first and third issues, she contends that the statute is not meant to apply every time a Texas resident leaves the state's boundaries for a vacation or a business trip such that plaintiffs are given additional time to file an otherwise time-barred suit even though the Texas resident defendant is consistently available for service of process purposes. In her second issue, she argues that she was not "absent" from the state as that term has been defined by the Texas Supreme Court in two recent decisions. She contends in her fourth issue that section 16.063 violates the federal Commerce Clause, and in her fifth issue, she argues that the statute violates the Due Process and Equal Protection Clauses of both the state and federal constitutions.

## III. Standard of Review

■ Generally, when we review cross-motions for summary judgment, we consider both motions and render the judgment that the trial court should have rendered. *Coastal Liquids Transp., L.P. v. Harris County Appraisal Dist.*, 46 S.W.3d 880, 884 (Tex.2001). In a traditional motion for summary judgment, the movant has the burden of showing that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997). To demonstrate its entitlement to traditional summary judgment, a defendant must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997). Evidence is conclusive only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex.2005). Once the defendant establishes its right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex.1979).

## IV. Analysis

■ The dispositive issue in this appeal is whether Texas Civil Practice and Remedies Code section 16.063 tolls the statute of limitations against a Texas resident for each day that the resident is beyond our state's borders. Section 16.063 provides that "[t]he absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence." Under recent Texas Supreme Court cases, one who is subject to personal jurisdiction in Texas courts, and amenable to service of process, is not "absent" from the state for the purposes of section 16.063.

### A. *Kerlin v. Sauceda*

In *Kerlin*, the Texas Supreme Court was asked to construe the tolling statute, section 16.063. *See Kerlin v. Sauceda*, 263 S.W.3d 920 (Tex.2008). In *Kerlin*, (1) the defendant did not reside in Texas, either at the time the cause of action arose or at the time suit was filed; (2) a jury found that Kerlin was not physically present in Texas when the cause of action arose; and (3) citation was pursued through the Secretary of State pursuant to the Texas long-

arm statute. *See id.* at 922–24. The Texas Supreme Court stated:

> [I]f a nonresident is amenable to service of process under the longarm statute and has contacts with the state sufficient to afford personal jurisdiction ... then we can discern no reason why a nonresident's 'presence' in this state would not be established for purposes of the tolling statute.

*Id.* at 927. The court held that "the statute of limitations was not tolled because, under the general longarm statute, Kerlin was present in the state." *Id.* at 928.

### B. *Ashley v. Hawkins*

The parties in *Ashley* were Texas residents when they were involved in an automobile collision, and the driver of one of the vehicles subsequently moved to another state. *Ashley v. Hawkins,* 293 S.W.3d 175, 177 (Tex.2009). The *Ashley* plaintiff served the defendant under the longarm statute; thus, the Texas Supreme Court was squarely presented with the question of "whether section 16.063 of the Texas Civil Practice and Remedies Code tolls the limitations period when a defendant leaves Texas following a motor vehicle collision, but is otherwise amenable to out-of-state service." *See id.* It concluded that "a defendant is 'present' in Texas, for purposes of the tolling statute, if he or she is amenable to service under the general longarm statute, as long as the defendant has 'contacts with the state sufficient to afford personal jurisdiction.'" *Id.* at 179. The court held that section 16.063 did not toll the limitations period. *Id.*

The holdings in *Kerlin* and *Ashley* apply with even greater force in this case, where the defendant has never ceased to be a Texas resident since the cause of action accrued. Zavadil's brief intermittent excursions outside of the territorial boundaries of Texas did not affect the ability of state courts to exercise personal jurisdiction over her, for it is axiomatic that "residence in a state is a valid basis for the exercise of in personam jurisdiction." *J.M.R. v. A.M.,* 683 S.W.2d 552, 557 (Tex. App.-Fort Worth 1985, writ ref'd n.r.e.) (citing *Bulova Watch Co. v. Steele,* 194 F.2d 567, 571 (5th Cir.), *aff'd,* 344 U.S. 280, 73 S.Ct. 252, 97 L.Ed. 319 (1952)). Moreover, it is undisputed that she was at all times amenable to service. *See also* Tex.R. Civ. P. 106, 108 (pursuant to these rules, it is not necessary that a Texas resident be personally served within the state). Thus, under the reasoning of *Kerlin* and *Ashley,* Zavadil has not been "absent" from Texas for the purposes of section 16.063, and therefore section 16.063 did not toll the limitations period.

### V. Conclusion

In accordance with *Kerlin* and *Ashley,* we conclude that Zavadil has not been "absent" from the state for the purposes of Texas Civil Practice and Remedies Code section 16.063. We therefore sustain Zavadil's first, second, and third issues, hold that Safeco's suit is time-barred, reverse the trial court's denial of Zavadil's motion for summary judgment and its grant of Safeco's motion for partial summary judgment, and render judgment dismissing Safeco's suit with prejudice. In light of our disposition of these issues, we do not reach Zavadil's two remaining issues.