**Affirm and Opinion Filed June 7, 2013**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-01209-CV

**FRANK LIPTAK, Appellant**

V.

**MEGAN BRUNSON, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-02919-2010**

## OPINION

Before Justices Bridges, O'Neill and Murphy
Opinion by Justice Bridges

Frank Liptak, a Florida resident, appeals the trial court's summary judgment in favor of

Megan Brunson on the ground Liptak's personal injury suit was barred by limitations. In two

issues, Liptak argues the statute of limitations in this case was tolled under section 16.063 of the

Texas Civil Practice and Remedies Code, and the Texas long-arm statute does not apply. We

affirm the trial court's judgment.

On July 11, 2008, Liptak was stopped at a red light near the intersection of Preston Road

and Rolater Road in Frisco, Texas. Liptak was struck from behind by a car that was first struck

by Brunson. Liptak was injured as a result. On July 13, 2010, Liptak filed suit against Brunson

asserting a negligence claim and seeking damages for injuries he sustained in the accident.

Citation issued on August 9, 2010, and the record contains the sheriff's return indicating Brunson

was served on August 28, 2010. On September 20, 2010, Brunson filed a general denial, and on March 8, 2011, an amended answer asserting Liptak's cause of action was barred by the applicable statute of limitations. On April 11, 2011, Brunson filed a traditional motion for summary judgment on the ground that Liptak's claim was barred by the two-year statute of limitations. In response to Brunson's motion for summary judgment, Liptak took Brunson's deposition on May 25, 2011 and, that same day, filed an amended petition asserting section 16.063 of the civil practice and remedies code tolled the statute of limitations due to Brunson's absences from Texas totaling approximately seventeen days.

In a June 3, 2011 response to Brunson's motion for summary judgment, Liptak asserted Brunson stated in her May 25, 2011 deposition that she held a national position with the American Association of Critical Care Nurses. As a part of the organization, she traveled out of state once a year for leadership training. Brunson spent five days at a national conference in Washington D.C. in 2010 and two days at a national conference in New Orleans in 2009. In addition, Brunson left the state for four or five days in 2009 to visit her parents in St. Louis. In her June 13, 2011 reply, Brunson argued section 16.063 was not intended to apply each time a Texas resident left the state's boundaries for vacation or a business trip; thus, she asserted that her absences from Texas did not toll the statute of limitations because she never ceased to be a Texas resident and was at all times amenable to the jurisdiction of Texas courts. There was no evidence that Liptak would have been unable to serve his petition within the statute of limitations or that he was aware of a single day Brunson was absent from the state. The trial court granted summary judgment in favor of Brunson, and this appeal followed.

In two issues, Liptak argues section 16.063 of the civil practice and remedies code was meant to extend the statute of limitations with no exceptions and tolled the statute of limitations

in this case. Further, he argues the long-arm statute does not apply in this case; therefore, the legal authorities appellee relies on do not apply.

In a traditional motion for summary judgment, the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). To demonstrate her entitlement to summary judgment, a defendant must conclusively negate at least one essential element of each of plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). Evidence is conclusive only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). Once the defendant establishes her right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979).

The dispositive issue in this appeal is whether section 16.063 of the civil practice and remedies code tolls the statute of limitations against a Texas resident for each day that the resident is beyond our state's borders. Section 16.063 provides: "The absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence." TEX. CIV. PRAC. & REM. CODE ANN. § 16.063 (West 2008). "Section 16.063 was written and intended to protect domestic creditors from individuals who enter Texas, contract a debt, depart, and then default on the debt." *Ayres v. Henderson*, 9 Tex. 539 (1853) (explaining object of section was for protection of domestic creditors and was intended to protect creditors from inconvenience and loss to which they would be exposed by absence of their debtors and consequent immunity of debtors from

process and judgment); *Ware v. Everest Group, Inc.*, 238 S.W.3d 855, 865 (Tex. App.—Dallas 2007, pet. denied) (quoting *Howard v. Fiesta Tex. Show Park, Inc.*, 980 S.W.2d 716, 722 (Tex. App.—San Antonio 1998, pet. denied)); *see also Ahrenhold v. Sanchez*, 229 S.W.3d 541, 544 (Tex. App.—Dallas 2007, no pet.) ("The purpose of section 16.063 is to protect domestic creditors."); *Harris v. Columbia Broad. Sys., Inc.*, 405 S.W.2d 613, 617 (Tex. App.—Austin 1966, writ ref'd n.r.e.) (explaining object of limitation statute [now this section] is protection of domestic creditors).

Relying on *Ware* and *Ahrenhold*, Liptak argues section 16.063 applies to Brunson's absences from Texas while on vacation and business trips. Our reading of these cases, however, does not support his position.

In *Ware*, the case involved an enforcement action against Ware based on domestication of a foreign judgment. *Ware*, 238 S.W.3d at 866. The record did not show that Ware contracted a debt in Texas and then left the state. *Id.* Because the facts of the case differed from the fact situation section 16.063 was intended to address, a panel of this Court concluded application of section 16.063 was not warranted. *Id.* Thus, in the absence of a creditor/debtor relationship, section 16.063 does not apply. *See id.*

In contrast, *Ahrenhold* involved a debtor who executed a support and maintenance agreement in Texas, defaulted on his payment obligations under the agreement while residing in Texas, moved out of Texas about one year after he stopped making payments, and never returned. *Ahrenhold*, 229 S.W.3d at 543-44. After noting that the "purpose of section 16.063 is to protect domestic creditors," a panel of this Court concluded Ahrenhold, a domestic creditor, fell "squarely within the category of persons the statute [section 16.063] is designed to protect." *Id.* at 544. Further, the defendant in *Ahrenhold* was "precisely the type of defendant to which the

statute applies." *Id.* The defendant resided in Texas when the agreement was executed and when he defaulted on the payments, and he left the state and never returned before the statute of limitations had run. *Id.* Accordingly, the Court determined the trial court erred in refusing to toll the statute of limitations under section 16.063. *Id.*; *see also Wyatt v. Lowrance*, 900 S.W.2d 360, 362 (Tex. App.—Houston [14th Dist.] 1995, writ denied) (tolling limitations under section 16.063 where Texas resident contracted an obligation in Texas then moved out of Texas before the debt could be collected). Thus, section 16.063 *does* apply to creditors and debtors who incur a debt in Texas and move out of state before the applicable statute of limitations has run. *See id.*

As additional support, Liptak cites *Stone v. Phillips*, 176 S.W.2d 932, 933 (Tex. 1944), and *Cadle v. Jenkins*, 266 S.W.3d 4, 7 (Tex. App.—Dallas 2008, no pet.). In *Stone*, the defendant had her domicile in Texas at the time the obligation sued on, a debt evidenced by a promissory note, was entered into; she was absent when the final installment matured; and she remained absent until just before suit was filed against her. *Stone*, 176 S.W.2d at 934 (applying former statute, Article 5537). The court cited *Ayres* for the proposition that the object of the statute was to protect domestic creditors from the inconvenience and loss to which they would be exposed by the absence of debtors and consequent immunity of their debtors from process and judgment. *Id.* The court concluded *Ayres* was directly on point because, in *Ayres*, the debtor was in the state when the obligation accrued – when the note was executed – and absent from the state when the debt matured and the right to bring the suit accrued. *Id.* Accordingly, the court in *Stone* tolled the statute of limitations. *Id.* In *Cadle*, a panel of this Court concluded section 16.063 did not apply in a case where the ten-year period in which to obtain a writ of execution on a judgment under section 34.001 of the civil practice and remedies code controlled. *Cadle*, 266

S.W.3d at 7. Thus, *Stone* also addressed a debtor/creditor situation, and *Cadle* held section 16.063 did not apply.

The meaning of section 16.063 was best explained in *Zavadil v. Safeco Insurance Company of Illinois*, 309 S.W.3d 593, 595-96 (Tex. App.—Houston [14th Dist.] 2010, pet. denied), a case with strikingly similar facts. There, the defendant was a Texas resident at the time of the underlying automobile accident, and she remained a Texas resident from the time of the accident until she was served more than two years later. It was undisputed that Zavadil was at all times amenable to service. *Id.* However, the defendant stipulated she spent "at least fourteen days" outside Texas during the two-year period following the accident. Applying *Ashley v. Hawkins*, 293 S.W.3d 175, 177 (Tex. 2009), and *Kerlin v. Sauceda*, 263 S.W.3d 920, 922-28 (Tex. 2008), the Houston court concluded Zavadil was not "absent" from Texas for the purposes of section 16.063, and section 16.063 did not toll the limitations period. *Zavadil*, 309 S.W.3d at 596. Further, the court concluded a Texas resident's brief intermittent excursions outside the territorial boundaries of Texas did not affect the ability of state courts to exercise personal jurisdiction over her, for it is axiomatic that "residence in a state is a valid basis for exercise of in personam jurisdiction." *Id.* (quoting *J.M.R. v. A.M.*, 683 S.W.2d 552, 557 (Tex. App.—Fort Worth 1985, writ ref'd n.r.e.)).

Liptak argues the trial court erred in relying on *Zavadil* and argues *Zavadil* does not apply in this case. Liptak asserts *Zavadil* is "off point" because it relies on *Ashley* and *Kerlin*, both of which dealt with out-of-state defendants. Liptak appears to argue that *Zavadil* relied on cases in which defendants were amenable to service under the long-arm statute and does not apply in this case involving a Texas resident defendant. In *Kerlin*, the defendant did not reside in Texas, was not present in Texas at the time the cause of action arose, and citation was obtained

6

pursuant to the Texas long-arm statute. *Kerlin*, 263 S.W.3d at 922-24. The Texas Supreme Court stated, "[I]f a nonresident is amenable to service of process under the long-arm statute and has contacts with the state sufficient to afford personal jurisdiction . . . then we can discern no reason why a nonresident's 'presence' in this state would not be established for purposes of the tolling statute." *Id.* at 927. Thus, the statute of limitations in *Kerlin* was not tolled because, under the general long-arm statute, Kerlin was present in the state. *Id.* at 928.

In *Ashley*, the parties to an automobile collision were Texas residents at the time of the collision. The defendant in *Ashley* subsequently moved to another state and was served under the long-arm statute. *Ashley*, 293 S.W.3d at 177. The Texas Supreme Court concluded that "a defendant is 'present' in Texas, for purposes of the tolling statute, if he or she is amenable to service under the general long-arm statute, as long as the defendant has 'contacts with the state sufficient to afford personal jurisdiction.'" *Id.* at 179. Under *Ashley*, if Brunson had moved out of Texas for the time she was out of state, the law is clear that the statute of limitations in this case would not have been tolled. *See id.* The court in *Zavadil* concluded the reasoning in *Kerlin* and *Ashley* applied with even greater force where the defendant had never ceased to be a Texas resident since the cause of action accrued. *Zavadil*, 309 S.W.3d at 596.

This is exactly the case we have here. Brunson remained a Texas resident during the entire time between the underlying car accident and Liptak's lawsuit filed after the two-year statute of limitations had expired. Liptak was not prevented from filing the lawsuit against Brunson within the limitations period by any "absence" of Brunson's. Further, there is nothing in the record to show Liptak encountered any difficulty in serving Brunson with process after the lawsuit was filed. Under these circumstances, we decline to conclude *Zavadil* does not apply to the facts of this case merely because of its reliance on *Kerlin* and *Ashley*, both of which involved

application of the long-arm statute. To do so would give greater protection to out-of-state residents than it would to Texas residents.

The dissent contends our reading of section 16.063 has "rendered the statute meaningless and effectively repealed the statute." To the contrary, our reading of section 16.063 is consistent with legal authority applying section 16.063 to situations involving the category of persons it was designed to protect: Texas creditors faced with individuals who enter Texas, contract a debt, depart, and then default on the debt. *See Ware*, 238 S.W.3d at 865; *Ahrenhold*, 229 S.W.3d at 543-44. Significantly, our application of section 16.063 is consistent with its intent to protect Texas creditors from *outsiders*, not Texas residents who remain Texas residents during the entire period of the applicable statute of limitations. *See Ware*, 238 S.W.3d at 865.

In fact, the record shows Liptak was not aware Brunson had been absent from Texas during the limitations period until taking Brunson's deposition after Liptak's suit was filed late. Accordingly, we conclude Brunson's "brief intermittent excursions" outside of Texas did not toll the statute of limitations in this case. *See Zavadil*, 309 S.W.3d at 596. The trial court therefore did not err in granting summary judgment in favor of Brunson. *See* TEX. R. CIV. P. 166a (c); *Grinnell*, 951 S.W.2d at 425. We overrule Liptak's issues.

We affirm the trial court's judgment.

Murphy, J., dissenting

/David L. Bridges/
_____
DAVID L. BRIDGES
JUSTICE

111209F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FRANK LIPTAK, Appellant

No. 05-11-01209-CV       V.

MEGAN BRUNSON, Appellee

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-02919-2010.
Opinion delivered by Justice Bridges.
Justices O'Neill and Murphy participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Megan Brunson recover her costs of this appeal from appellant Frank Liptak.

Judgment entered June 7, 2013

/David L. Bridges/

DAVID L. BRIDGES
JUSTICE