**Affirmed and Opinion Filed April 18, 2014**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01379-CV

### PERRY WEEKS, Appellant
### V.
### CASSANDRA COCKRUM, Appellee

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-03926-2011**

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Myers
Opinion by Justice FitzGerald

Perry Weeks appeals the trial court's summary judgment in favor of Cassandra Cockrum on the ground that Weeks's personal injury suit was barred by limitations. In a single issue, Weeks argues the statute of limitations was tolled under section 16.063 of the civil practice and remedies code because Cockrum was temporarily absent from the state. We affirm the trial court's judgment.

### BACKGROUND

This appeal arises out of a personal injury suit arising out of a vehicle collision in which Weeks contends Cockrum operated her vehicle in a negligent manner. The accident occurred on September 15, 2009. Cockrum, a Texas resident, was temporarily absent from the state from June 16, 2011 through June 19, 2011. On September 19, 2011, Weeks initiated this lawsuit

against Cockrum. Cockrum generally denied the allegations and asserted, *inter alia*, that the plaintiff's claims were barred by the statute of limitations. Cockrum subsequently filed a motion for summary judgment premised on her limitations defense. Weeks responded that the tolling provision pertaining to temporary absence from the state operated to extend the limitations period for the three days Cockrum was out of the state. The trial court granted the motion for summary judgment and entered judgment for Cockrum. This timely appeal followed.

**ANALYSIS**

In a single issue, Weeks asserts the trial court erred in granting summary judgment because the two year limitations period for personal injury suits was extended for the three days Cockrum was out of the state.

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

The legislature has prescribed a two-year statute of limitations in personal injury cases. TEX. CIV. PRAC. & REM. CODE ANN. § 16.03 (West 2008). As a general rule, limitations begin to run in a personal injury cause of action when wrongful conduct causes injury, regardless of when the plaintiff learned of such injury. *See Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex. 1977). But the legislature has also created certain tolling provisions that lengthen or suspend the running of the statute of limitations under certain conditions. The tolling provision at issue here provides:

> **Temporary Absence From State**
> The absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitation for the period of the person's absence.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.03. It is undisputed that the two year anniversary of the accident was September 15, 2011, and Weeks did not file the lawsuit until September 19, 2011. During the two year period following the accident, Cockrum was at all times a resident of the state of Texas and left the state only during the three day period at issue here. There is no evidence Weeks was aware that Cockrum briefly left the state for a vacation in Las Vegas before the lawsuit was filed, nor is there any evidence that Cockrum was not amenable to service during the two year period. Nonetheless, Weeks insists the limitations period was tolled by operation of section 16.03.

This identical issue was recently decided by this Court. *See Liptak v. Brunson*, 402 S.W.3d 909, 913 (Tex. App.—Dallas 2013, no pet.). In *Liptak*, we relied on our sister court's opinion in *Zavadil v. Safeco Ins. Co.*, 309 S.W.3d 593, 595 (Tex. App.—Houston [14th Dist.] 2010, pet. denied), to conclude that the defendant's "'brief intermittent excursions outside of Texas'" did not toll the statute of limitations under section 16.03. *Liptak*, 402 S.W.3d at 913 (quoting *Zavadil*, 309 S.W.3d at 595). The facts in *Liptak* and *Zavadil* are similar to the facts presented here.

In *Zavadil*, the defendant was a Texas resident involved in an automobile accident. She remained a Texas resident from the time of the accident until the time she was served with the lawsuit. *Zavadil,* 309 S.W.3d at 595. During this time, the defendant spent fourteen days outside the state. *Id*. The court declined to hold that the statute of limitations was tolled during this fourteen day period. *Id*.

Likewise, in *Liptak*, the lawsuit was filed after the expiration of the two year statute of limitations. *Liptak*, 402 S.W.3d at 913. The defendant remained a Texas resident from the time of the underlying car accident through the time the lawsuit was filed. *Id*. During this time, the defendant was absent from the state for a period of seventeen days. *Id*. at 910. The plaintiff

argued that the court's reasoning in *Zavadil* did not apply because *Zavadil* relied on two cases involving application of the long-arm statute, and there was no issue concerning service of process on a nonresident defendant in the *Liptak* case. This Court rejected plaintiff's argument stating, "we decline to conclude *Zavadil* does not apply to this case merely because of its reliance on [cases] which involve the long-arm statute. To do so would give greater protection to out-of-state residents than it would to Texas residents." *Id.* at 913. In so concluding, we noted that such a reading of section 16.063 is consistent with the purpose of the statute—the protection of Texas creditors faced with "individuals who enter Texas, contract a debt, depart, and then default on the debt." *Id.*; *see also Ahrenhold v. Sanchez*, 229 S.W.3d 541, 544 (Tex. App.—Dallas 2007, no pet.) (stating purpose of section 16.063 is protection of domestic creditors).

Our reasoning in *Liptak* applies with equal force here. Moreover, "[w]e may not overrule a prior panel decision of this Court absent an intervening change in the law by the legislature, a higher court, or this Court sitting en banc." *MobileVision Imaging Servs. L.L.C. v. Lifecare Hosps of North Texas, L.P.*, 260 S.W.3d 561, 566 (Tex. App.—Dallas 2008, no pet.). Accordingly, we decline the invitation to depart from our holding in *Liptak*, and conclude the trial court did not err in granting summary judgment. Appellant's issue is overruled. The judgment of the trial court is affirmed.

/Kerry P. FitzGerald/

121379F.P05

KERRY P. FITZGERALD
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PERRY WEEKS, Appellant

No. 05-12-01379-CV      V.

CASSANDRA COCKRUM, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas
Trial Court Cause No. 199-03926-2011.
Opinion delivered by Justice FitzGerald.
Justices Francis and Myers participating.


In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CASSANDRA COCKRUM recover her costs of this appeal from appellant PERRY WEEKS.


Judgment entered April 18, 2014


/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

–5–