**REVERSE and REMAND; and Opinion Filed July 9, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00623-CV

**JO-ANN SHUMA, Appellant**
**V.**
**GARY MICHAEL POWER, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-00576-2012**

## MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Fillmore

On February 14, 2012, Jo-Ann Shuma sued Gary Michael Power for personal injuries that Shuma alleged were caused by a July 2, 2009 automobile accident. The trial court granted summary judgment for Power based on his statute of limitations defense. In a single issue, Shuma argues the trial court erred by granting summary judgment in favor of Power because there is an issue of fact regarding whether the statute of limitations was tolled under section 16.063 of the civil practice and remedies code. We reverse the trial court's judgment and remand for further proceedings.

### Background

Shuma sued Power, alleging that on July 2, 2009, she was injured in an automobile accident caused by Power's negligent operation of his vehicle. Although Shuma did not file her original petition until February 14, 2012, she pleaded the statute of limitations had been tolled

due to Power "being out of state and causing the accident in the State of Texas." In her original petition, Shuma pleaded that Power was a resident of Oklahoma and could be served with process at his home in Tulsa, Oklahoma. In her first amended petition, filed on March 12, 2012, Shuma again pleaded that Power was a resident of Oklahoma, but changed the address at which he could be served to his home in Hendrix, Oklahoma.

Power filed his answer on May 24, 2012, generally denying Shuma's allegations and asserting, *inter alia*, that Shuma's claims were barred by the statute of limitations. Power subsequently filed a motion for summary judgment on the ground Shuma's claims were barred by the statute of limitations, but did not address in his motion Shuma's pleaded assertion that the limitations period had been tolled. Power's summary judgment evidence consisted of Shuma's original and first amended petition.

Shuma responded to Power's motion and asserted there were issues of fact about whether (1) Power was a Texas resident, and (2) section 16.063 of the civil practice and remedies code tolled limitations while Power was absent from the state.[1] Attached to Shuma's response was the affidavit of Melissa Smith, in which Smith stated she had conducted searches relating to Power on LexisNexis, the Grayson County Jail Records and Criminal Search Database, and the Fannin County Criminal and Jail Public Records Search Database. The results of Smith's searches were attached to Shuma's response as Exhibits A through E.

Power objected to Exhibit A, the results of the LexisNexis search; Exhibit B, titled "Jail Records Search Results"; Exhibit C, a "Register of Actions" relating to a driving while intoxicated charge; and Exhibit E, a "Register of Actions" relating to a theft charge as being

---

[1] Section 16.063 of the civil practice and remedies code provides:

> The absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.063 (West 2015).

hearsay and not properly authenticated. He also filed a reply to Shuma's response arguing there was no evidence he was absent from the state since the date of the accident and that section 16.063 does not apply each time a Texas resident leaves the state or to an automobile accident involving a non-resident who subsequently left the state. The trial court sustained Power's objections to Shuma's summary judgment evidence, granted the motion for summary judgment, and entered judgment that Shuma take nothing on her claims against Power.

**Analysis**

In a single issue, Shuma asserts the trial court erred by granting summary judgment because there is a fact issue on whether Power was outside of Texas for a sufficient amount of time to toll the statute of limitations; this case is distinguishable from *Liptak v. Brunson*, 402 S.W.3d 909 (Tex. App.—Dallas 2013, no pet.); and *Liptak*, which was decided after Shuma filed this lawsuit, should not be applied retroactively.

*Standard of Review*

We review the grant of summary judgment de novo. *Masterson v. Diocese of Nw. Tex.*, 422 S.W.3d 594, 607 (Tex. 2013), *cert. denied*, 135 S. Ct. 435 (2014). The standards of review for a traditional summary judgment under rule 166a(c) are well known. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). The movant has the burden to demonstrate that no genuine issue of material fact exists and he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon*, 690 S.W.2d at 548. We consider the evidence in the light most favorable to the nonmovant. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Id.*

–3–

A defendant moving for summary judgment on the affirmative defense of limitations has the burden to establish that defense conclusively. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). The movant must not only establish the limitations bar, he must also negate any suspension or tolling of limitations asserted by the nonmovant. *See, e.g.*, *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999) (discovery rule); *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975) (per curiam) (absence from state); *Henry v. Zahra*, No. 05-14-00616-CV, 2015 WL 2197964, at *3, 4 (Tex. App.—Dallas May 11, 2015, no pet.) (mem. op.). If the movant fails to satisfy this initial burden, the nonmovant need not respond or present any evidence. *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). However, if the movant satisfies his burden of establishing the limitations bar and negating any suspension or tolling asserted by the nonmovant, the burden shifts to the nonmovant to adduce evidence raising a fact issue in avoidance of limitations. *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).

### *Ground for Motion*

Power moved for summary judgment on the ground Shuma's claims were barred by limitations. A plaintiff must bring suit for personal injury no later than two years after the date the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West Supp. 2014). A cause of action for negligence generally accrues on the date the injury-producing act is committed. *Dunmore v. Chicago Title Ins. Co.*, 400 S.W.3d 635, 641 (Tex. App.—Dallas 2013, no pet.). The summary judgment evidence established that Shuma's cause of action for personal injuries accrued on the date of the accident, July 2, 2009, and was not filed within two years of the date of the accident.

In both her original and first amended petition, Shuma pleaded limitations was tolled due to Power's absence from the state. Power did not address this asserted tolling of limitations in

–4–

his motion for summary judgment. Rather, Power first addressed section 16.063 in his reply to Shuma's response to the motion for summary judgment, in which he argued section 16.063 did not apply and, even if it did apply, Shuma had produced no evidence of Power's residence status or that Power "even left the State of Texas for one (1) day following this accident made the basis of this lawsuit prior to [Shuma] filing this lawsuit."

A motion for summary judgment must "stand or fall on the grounds expressly presented in the motion." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993); *see also Masterson*, 422 S.W.3d at 607 (to prevail on motion for summary judgment, movant must prove that, as a matter of law, it is entitled to judgment "on the issues [it] pleaded and set out in [its] motion for summary judgment"). A reply is not a motion for summary judgment, and a movant "is not entitled to use its reply to amend its motion for summary judgment or to raise new and independent summary-judgment grounds." *Reliance Ins. Co. v. Hibdon*, 333 S.W.3d 364, 378 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (op. on reh'g). Without obtaining Shuma's consent, Power was not entitled to raise a new ground for summary judgment in his reply to Shuma's response. *See ADT Sec. Servs., Inc. v. Van Peterson Fine Jewelers*, 390 S.W.3d 603, 606 (Tex. App.—Dallas 2012, no pet.); *Reliance Ins. Co.*, 333 S.W.3d at 378.

To conclusively establish he was entitled to summary judgment because Shuma's claims were barred by limitations, Power had the burden, as the movant for summary judgment, to negate the tolling provisions asserted by Shuma. Because he failed to address, in his motion for summary judgment, the tolling provision asserted by Shuma, he did not conclusively establish his right to summary judgment. *See Henry*, 2015 WL 2197964, at *4; *Hansen v. Jackson*, No. 13-14-00039-CV, 2014 WL 5794872, at *16 (Tex. App.—Corpus Christi Nov. 6, 2014, pet. filed) (mem. op.) ("We hold that we may not uphold summary judgment for [defendant] on [the

ground of limitations] because [he] did not make this claim in a motion for summary judgment.").

However, even if we consider the arguments made by Power in his reply to Shuma's response to the motion for summary judgment, we cannot conclude Power carried his burden of conclusively establishing he was entitled to judgment. In his reply, Power first argued there was no evidence he had been absent from the state since the date of the accident. As noted above, Power had the burden as the movant seeking summary judgment to negate the application of section 16.063. *See Rhone-Poulenc, Inc.* 997 S.W.2d at 223. Power produced no summary judgment evidence related to his presence in—or absence from—the state during the relevant limitations period and, therefore, failed to carry his burden to show he was entitled to judgment as a matter of law. *See Henry*, 2015 WL 2197964, at *4.

Power also argued in his reply to Shuma's response to the motion for summary judgment that section 16.063 did not apply to toll limitations regardless of his state of residency.[2] Power first asserted, based on the Texas Supreme Court's opinion in *Kerlin v. Sauceda*, 263 S.W.3d 920 (Tex. 2008), that if he was an Oklahoma resident at the time of the accident, the statute of limitations was not tolled under section 16.063. Generally, section 16.063 applies to (1) resident defendants, or (2) non-residents who are present in Texas when an obligation arises or when the cause of action accrues. *Ahrenhold v. Sanchez*, 229 S.W.3d 541, 543 (Tex. App.—Dallas 2007, no pet.). *Kerlin* addressed when a nonresident was "present" in or "absent" from the state for tolling purposes. *Kerlin*, 263 S.W.3d at 927–28; *see also Medina v. Tate*, 438 S.W.3d 583, 589

---

[2] Citing to *Ashley v. Hawkins*, 293 S.W.3d 175 (2009), Power also argues on appeal that section 16.063 does not apply to toll limitations against a defendant who is resident of Texas at the time of the accident and subsequently moves to, and establishes residence in, a different state. Although Power cited to *Ashley* in his reply to Shuma's response to the motion for summary judgment, it was for the proposition that section 16.063 does not apply to "automobile cases in which a non-resident of Texas is involved in a car accident in Texas and then subsequently leaves the State of Texas." Because Power's argument on appeal does not comport with his argument in the trial court, we will not consider it. *See* TEX. R. APP. P. 33.1(a); *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (per curiam); *Nine Syllables, LLC v. Evans*, No. 05-13-01677-CV, 2015 WL 3932751, at *7 (Tex. App.—Dallas June 26, 2015, no pet. h.) (mem. op.). We note, however, that Power produced no summary judgment evidence that he was a resident of Texas at the time of the accident and subsequently became a resident of Oklahoma.

(Tex. App.—Houston [1st Dist.] 2013, no pet.) (noting that *Kerlin* involved non-resident defendant who had committed act in Texas forming basis of suit against him).  The supreme court concluded a non-resident is "present" within the state under section 16.063 whenever he is amenable to service of process through the Texas long-arm statute and has sufficient contacts with Texas to create personal jurisdiction.  *Kerlin*, 263 S.W.3d at 927.  Under these circumstances, the nonresident is not absent from the state under section 16.063, and the limitations period is not tolled.  *Id.*  Therefore, if Power had established he was a resident of Oklahoma at the time of the accident and, since the date of the accident, was amenable to service pursuant to the Texas long-arm statute, limitations would not have been tolled and he would have been entitled to summary judgment.  Power failed to produce summary judgment evidence meeting this burden.

Power finally contended, based on this Court's opinion in *Liptak,* that if he was a Texas resident at the time of the accident, any absence by him from the state since the date of the accident would not toll the running of limitations.  In *Liptak*, two years and two days following an automobile accident in Texas, the plaintiff sued the defendant for injuries allegedly arising from the accident. *Liptak*, 402 S.W.3d at 910.  The defendant pleaded the claims were barred by the two-year statute of limitations and filed a motion for summary judgment on the same ground. *Id.*  After taking the defendant's deposition, the plaintiff filed an amended petition asserting section 16.063 tolled the statute of limitations due to the defendant's absences from Texas since the date of the accident totaling approximately seventeen days.  *Id.*  The plaintiff also responded to the motion for summary judgment, relying on the defendant's deposition testimony about her absences from the state.  *Id.* [3]

---

[3] We note that in *Liptak*, the plaintiff, rather than the defendant, provided this summary judgment evidence to the trial court.  Although the defendant had the burden when seeking summary judgment to negate the application of section 16.063, she was not required to be the source of the required proof.  *See Howard v. Fiesta Tex. Show Park, Inc.*, 980 S.W.2d 716, 723 (Tex. App.—San Antonio 1998,  pet. denied).  Because the

In *Liptak*, it was undisputed the defendant was a Texas resident at the time of the accident and remained a Texas resident through the date suit was filed. *Id.* at 913. The summary judgment evidence established that, other than intermittent absences totaling approximately seventeen days, the defendant had been present in Texas since the date of the accident. *Id.* at 910. Relying on our sister court's opinion in *Zavadil v. Safeco Insurance Co.*, 309 S.W.3d 593, 595 (Tex. App.—Houston [14th Dist.] 2010, pet. denied), we concluded the defendant's brief, intermittent absences from Texas since the date of the accident did not toll the statute of limitations under section 16.063. *Id.* at 913; *see also Zavadil*, 309 S.W.3d at 596.

We can, however, easily conceive of a situation in which a resident of Texas is involved in an automobile accident, leaves the state without establishing residence elsewhere such that he would be amenable to service under the Texas long-arm statute, and remains absent from the state a sufficient amount of time to affect the plaintiff's ability to serve process. *See Stone v. Phillips*, 142 Tex. 216, 218–19, 220, 176 S.W.2d 932, 932–33, 934 (1944) (concluding predecessor statute tolled limitations when Texas resident entered into obligation; left Texas, but remained a Texas resident for two years before becoming a non-resident; was absent from state when final installment on obligation matured; and remained absent from Texas until just before suit was filed against her). In this case, unlike in *Liptak* and *Zavadil*, there is no summary judgment evidence establishing Power was a resident of Texas at the time of the accident, had only brief, intermittent absences from the state since the date of the accident, and was otherwise amenable to service of process. Accordingly, Power failed to establish that, if he was a Texas resident at the time of the accident, Shuma's claims were barred by the two-year statute of limitations as a matter of law.

---

record contained summary judgment evidence negating the application of section 16.063, the evidence was sufficient to satisfy the movant's burden of proof even though it was attached to the nonmovant's response to the motion for summary judgment. *Id.*

We resolve Shuma's sole issue in her favor, reverse the trial court's judgment, and remand this case for further proceedings.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

140623F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JO-ANN SHUMA, Appellant

No. 05-14-00623-CV     V.

GARY MICHAEL POWER, Appellee

On Appeal from the 296th Judicial District
Court, Collin County, Texas,
Trial Court Cause No. 296-00576-2012.
Opinion delivered by Justice Fillmore,
Justices Myers and Evans participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

     It is **ORDERED** that appellant Jo-Ann Shuma recover her costs of this appeal from appellee Gary Michael Power.

Judgment entered this 9th day of July, 2015.