**Concurring opinion issued August 20, 2019**



**In The**

# Court of Appeals

**For The**

# First District of Texas

—————————————

## NO. 01-18-00693-CV

—————————————

**BRAD MICHAEL RYES, Appellant**

**V.**

**DIANNE RICHARD ROSS, Appellee**

---

**On Appeal from County Court at Law No. 1**
**Brazoria County, Texas**
**Trial Court Case No. CI56457**

---

## CONCURRING OPINION

The majority opinion, and the position taken by this Court in *Medina v. Tate*, 438 S.W.3d 583 (Tex. App.—Houston [1st Dist.] 2013, no pet.), stand for the proposition that every casual trip out of the state tolls the statute of limitations for

that length of time. In other words, if I go out of state to visit relatives one weekend, and then go to a judicial seminar in Washington a few months later, the statute of limitations for any suit against me is extended for four days, or five if it was a long weekend. This despite the fact that I remained subject to the jurisdiction of Texas courts the entire time. I believe this is an absurd result, something we are instructed to avoid when interpreting statutes. *See Jose Carreras, M.D., P.A. v. Marroquin*, 339 S.W.3d 68, 73 (Tex. 2011). Limitations periods are favored because they provide a date certain which gives proper notice to both plaintiffs and defendants and prevents the litigation of stale claims. *See Matthews Constr. Co. v. Rosen*, 796 S.W.2d 692, 694 (Tex. 1990). The policies behind statutes of limitation are not thwarted when section 16.063 is applied only if the potential defendant cannot be located or is beyond the jurisdiction of the court. Further, this result puts us at odds with our sister court which has held just the opposite. *See Zavadil v. Safeco Ins. Co.*, 309 S.W.3d 593, 595–96 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). The reasoning of the Fourteenth Court of Appeals in *Zavadil*, and that of Justice Brown, in his dissent in *Medina*, would lead to a far more reasonable and logical result than that proposed by the majority. However, since there is binding precedent on the matter from this Court, I am compelled to concur with the majority opinion.

Russell Lloyd<br>Justice

Panel consists of Justices Lloyd, Landau, and Countiss.

Justice Lloyd, concurring.