**The CADLE COMPANY, Appellant,**

v.

**Jo Beth Batterton JENKINS a/k/a Jo Beth Schlatterer, Appellee.**

No. 05–07–00774–CV.

Court of Appeals of Texas, Dallas.

Aug. 14, 2008.

(Tex.App.-Houston [14th Dist.] 2007, pet. ref'd).

Michael J. Scott, Michael J. Scott, P.C., Dallas, TX, for Appellant.

Richard A. Rohan, Charles J. Blanchard, Carrington, Coleman, Sloam & Blumenthal, LLP, Dallas TX, for Appellee.

Before Justices MORRIS, FITZGERALD, and LANG.

## OPINION

Opinion by Justice FITZGERALD.

The Cadle Company ("Cadle") appeals the trial court's Order Sustaining Defendant's Special Exceptions and Granting Motion to Dismiss (the "Order"), which dismissed with prejudice Cadle's suit to renew a judgment against appellee Jo Beth Batterton Jenkins a/k/a Jo Beth Schlatterer ("Jenkins"). Cadle challenges the dismissal in two issues, contending it was erroneously predicated on an affirmative defense and it erroneously determined the ten-year life of Cadle's judgment was not extended by a tolling provision. We affirm the Order.

We review the Order for an abuse of discretion. *Sherman v. Triton Energy Corp.*, 124 S.W.3d 272, 282 (Tex.App.–Dallas 2003, pet. denied). For purposes of our review, we accept as true all material factual allegations and all factual statements reasonably inferred from the allegations set forth in Cadle's pleadings. *See Sorokolit v. Rhodes*, 889 S.W.2d 239, 240 (Tex.1994). A February 3, 1984 judgment against Jenkins forms the basis of this appeal; the judgment was based on Jenkins's personal guaranty of certain promissory notes. The first writ of execution was issued "shortly after rendition," and the judgment was assigned to Cadle on June 12, 1992. Sometime in March 1994, Cadle renewed its judgment by causing the second writ of execution to issue. In 1996,

Jenkins moved away from Texas; she was still absent from the state at the time this suit was filed.

On October 18, 2006, Cadle filed its Plaintiff's Original Petition to Renew Judgment. Jenkins answered, pleading the affirmative defense of statute of limitations, specially excepting, and moving to dismiss on the ground that the affirmative defense of limitations was established on the face of the petition. Cadle amended its pleading to allege Jenkins resided in Texas at the time she entered into the guaranty, at the time the cause of action accrued, and at the time the judgment was rendered.

The trial court held a non-evidentiary hearing on the dismissal motion. Jenkins argued Cadle's suit for renewal of its judgment was barred by limitations. Based on the dates set forth in Cadle's pleading, Jenkins argued the judgment had become dormant in March 2004, ten years after it was renewed by the second writ of execution. Cadle then had two years to revive the judgment, but that opportunity expired in March 2006. Thus, according to Jenkins, when Cadle brought this action in October 2006, it was too late; the judgment could not be revived. In response, Cadle argued the judgment had not become dormant in 2004. Instead, Cadle contended, the ten-year period to issue a writ of execution was tolled by Jenkins's absence from the state beginning in 1996. Thus, there was no need to revive the judgment, and the renewal claim was not time-barred. The trial court signed the Order dismissing Cadle's claims with prejudice. Cadle appeals.

■ In its second issue,[1] Cadle argues the trial court erred in determining the

---

Cadle's second issue challenges the legal anal-

ten-year period the civil practice and remedies code provides to obtain a writ of execution on a judgment was not tolled by Jenkins's absence from the state. The code provides:

**No Execution on Dormant Judgment**

(a) If a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived.

(b) If a writ of execution is issued within 10 years after rendition of a judgment but a second writ is not issued within 10 years after issuance of the first writ, the judgment becomes dormant. A second writ may be issued at any time within 10 years after issuance of the first writ.

TEX. CIV. PRAC. & REM.CODE ANN. § 34.001 (Vernon 1997). Cadle calls the ten-year period identified in section 34.001 a "limitations" period, as it must if the tolling provision it relies on is to apply. That tolling provision provides:

**Temporary Absence From State**

The absence from this State of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence.

*Id.* § 16.063.

▮▮▮ When construing a statute, we begin with its language. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex.2006). Statutory construction is a question of law.

*Id.* If the statute is unambiguous, we apply its words according to their common meaning; we need not look to rules of construction or extrinsic aids. *Id.* We approach the two statutes at issue, thus, by looking to their common or plain meaning.

On its face, section 34.001 establishes the life span of a judgment in Texas. Unless the judgment is renewed by the issuance of a writ of execution, that life span is ten years, after which the judgment becomes dormant. TEX. CIV. PRAC. & REM. CODE § 34.001(a). The statute does not limit the number of times a judgment debtor may renew its judgment by obtaining a new writ of execution. *See id.* § 34.001(b). Each renewal provides for the same span of ten years during which the judgment debtor may execute on his judgment. *Id.* A dormant judgment may be revived "by scire facias or by an action of debt" if that action is brought within two years of the date the judgment became dormant. *Id.* § 31.006. But if the judgment becomes dormant and no such revival action is filed for two years, the debtor cannot execute on the judgment. *Id.* § 34.001(a).[2]

Section 16.063 addresses an entirely different legal circumstance. It speaks to the time allowed a potential plaintiff to bring suit against a person "against whom a cause of action may be maintained." *Id.* § 16.063. The time allowed is governed by the relevant statute of limitations for that cause of action. Pursuant to section 16.063, the time may be tolled, or suspend-

---

ysis underlying Jenkins's limitations defense. Cadle's first issue requires identification of the facts necessary to apply that legal analysis if we approve it.

2. Cadle makes clear in its briefing it "is not seeking to revive a dormant judgment, but rather to declare an existing judgment as remaining in full force and effect." Thus, Cadle does not argue section 16.063 operates to toll

the statute of limitations on a revival action under section 31.006. *Cf. Ware v. Everest Group, L.L.C.*, 238 S.W.3d 855, 865 (Tex. App.–Dallas 2007, pet. denied) (concluding section 16.063 does not apply to toll section 31.006 revival limitations period when facts of case do not reflect purpose of tolling provision).

ed, when the potential defendant is temporarily away from the state and, therefore, not amenable to service of process.

It is apparent section 16.063 does not apply to toll the ten-year life span of Cadle's judgment in this case. Section 16.063 speaks to the tolling of the applicable "statute of limitations." The ten-year period created by section 34.001 is not a "statute of limitations" within the common meaning of that term. It does not prescribe the time period during which a person may bring suit for an accrued cause of action. *See, e.g.,* Tex. Civ. Prac. & Rem. Code §§ 16.002 ("One–Year Limitations Period"), 16.010 ("Misappropriation of Trade Secrets"), 16.051 ("Residual Limitations Period"). Moreover, Cadle had a *judgment* against Jenkins; it did not have a "cause of action" to maintain against Jenkins. *Cf. id.* § 16.063. Finally, Jenkins was not temporarily absent from the state as section 16.063 intends.[3] The tolling provision of section 16.063 does not apply to the facts of this case.

We discern no grounds for the expansive reading of these statutes Cadle encourages us to adopt in this case. Cadle renewed its judgment in 1994, but it failed to do so subsequently. After March 2006, Cadle's judgment could not be revived. The trial court correctly concluded section 16.063 did not prevent the demise of the judg-

ment in this case.[4] We decide Cadle's second issue against it.

■ In its first issue, Cadle argues the trial court erred in granting the motion to dismiss because it was predicated on an affirmative defense. Cadle correctly states a defendant must plead and prove an affirmative defense. *See* Tex.R. Civ. P. 94 (requirement of pleading); *see also Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex.1989) (burden of proof). Cadle contends Jenkins was not entitled to a judgment on the pleadings in this case because the elements of its affirmative defense required proof of factual issues. Cadle does not identify the factual issues that might defeat Jenkins's defense. We conclude the only facts necessary to establish Jenkins's defense as a matter of law were undisputed and were established by Cadle's own pleadings: the date the last writ of execution was issued and the date Cadle filed this action. Cadle's petition states the last writ of execution was issued in March 1994. By operation of law, the judgment became dormant in March 2004, and the statute of limitations on a revival action ran in March 2006. Cadle did not file this action until October 2006. Thus, we conclude the action was time-barred. Jenkins has proved her affirmative defense conclusively based on Cadle's own admissions.[5] We resolve Cadle's first issue against it as well.

3. Cadle concedes section 16.063 does not generally apply to non-residents, but it argues for various exceptions to that rule. These "exceptions" only underscore the fact that section 16.063 deals with the period available to bring suit, not to renew a judgment. *See, e.g., Howard v. Fiesta Tex. Show Park, Inc.,* 980 S.W.2d 716, 722 (Tex.App.–San Antonio 1998, pet. denied) (provision intended to benefit domestic creditors from "individuals who enter Texas, contract a debt, depart, and then default on the debt"). By Cadle's own admission, Jenkins did not leave Texas until some twelve years after her debt was reduced to judgment.

4. On appeal, Cadle argues it could not renew its judgment because of a legal impediment, i.e., the inability to execute when Jenkins was out of the state and owned no property in the state. Cadle did not raise this complaint in the trial court and has not preserved it for our review. *See* Tex.R.App. P. 33.1(a).

5. In its reply brief, Cadle suggests it should have been given an opportunity to replead before Jenkins was granted judgment on the pleadings. Cadle did replead once below. The record does not indicate Cadle sought to replead again and was denied that opportunity. *See Parker v. Barefield,* 206 S.W.3d 119,

Cadle has shown no abuse of discretion in the trial court's dismissal of its claims against Jenkins. We affirm the Order of the trial court.

120 (Tex.2006) (if trial court fails to provide opportunity to replead after granting special exceptions, aggrieved party must prove opportunity was requested and denied to preserve error for review). Moreover, the dispositive facts are beyond dispute; Cadle does not suggest how repleading could change their legal effect.