*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# OPINION

No. 04-09-00278-CV

John Carroll **TAYLOR**,
Appellant

v.

Patricia **SPECK**,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-04683
Honorable David A. Berchelmann, Jr., Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Catherine Stone, Chief Justice
    Karen Angelini, Justice
    Marialyn Barnard, Justice

Delivered and Filed: January 6, 2010

AFFIRMED

This is an appeal from a trial court's order awarding a cumulative judgment for child support

arrearages.  Appellant John Carroll Taylor contends (1) the trial court lacked jurisdiction because

the Court of Domestic Relations No. 2 in Dallas County had continuing, exclusive jurisdiction, (2)

recovery was barred by the statute of limitations set forth in section 157.005(b) of the Family Code

and the dormancy provisions in sections 34.001 and 31.006 of the Civil Practice and Remedies Code, and (3) the award of attorney's fees was improper.

## BACKGROUND

John Carroll Taylor and Patricia Speck[1] divorced in 1967 pursuant to a final judgment signed by the judge of the Court of Domestic Relations No. 2 of Dallas County, Texas. In addition to granting Speck's request for divorce, the trial court also ordered Taylor to pay child support for the benefit of the couple's minor children–a boy born in 1962, and a girl born in 1963. Taylor was ordered to pay child support to Speck in the amount of $30.00 per week, beginning October 27, 1967, and continuing until the youngest child turned eighteen.

In 2004, Speck filed a "Motion for Cumulative Judgment of Child Support Arrears and Petition for Suspension of Licenses for Failure to Pay Child Support" in the 302nd Judicial District Court of Dallas County, Texas. In the motion Speck claimed Taylor failed to pay child support as ordered in the 1967 divorce decree, and she sought a judgment for arrearages and attorney's fees. In 2008, Speck filed a motion to transfer, asking the 302nd Judicial District Court to transfer the case to Bexar County "[f]or the convenience of the parties and witnesses and in the interest of justice," but more specifically because Taylor, who resided in Bexar County, was unable "to travel to Dallas County because of his health." She stated in the motion that all parties had agreed to the transfer. The trial court signed an agreed order transferring the entire matter to Bexar County and ordering the Bexar County district clerk to file and docket the case, and the Dallas County district clerk to transmit the entire file to Bexar County. The agreed order was signed by the attorneys for Speck and Taylor as "Agreed and Approved, as to Form and Substance."

---

[1] At the time of the divorce, Patricia Speck was known as Patricia Lee Blankenship Taylor.

After the transfer, a bench trial was held in the 407th Judicial District Court of Bexar County. After hearing evidence, the trial court entered a cumulative money judgment in favor of Speck in the amount of $237,248.96 for child support arrearages and interest. The judgment also awarded (1) $7,024.00 in attorney's fees, payable to Speck's attorneys, (2) appellate attorney's fees in the event of an unsuccessful appeal by Taylor, and (3) $6,000 in attorney's fees, payable to Speck's attorneys in the event Taylor filed a bankruptcy petition and the attorneys were required to collect child support through the bankruptcy process. Taylor filed a motion for new trial, which was denied, and then a notice of appeal.

## DISCUSSION

### *Jurisdiction*

Taylor contends the 407th Judicial District Court lacked jurisdiction to render a judgment. Citing only section 157.001(d) of the Texas Family Code, he argues "[o]nly the Court of Domestic Relations No. 2 of Dallas County, Texas had jurisdiction to render a judgment for cumulative arrears," and the agreed transfer order did not vest the 407th Judicial District Court with jurisdiction because it was signed by the 302nd Judicial District Court of Dallas County, which did not have jurisdiction. *See* TEX. FAM. CODE ANN. § 157.001(d) (Vernon 2008) (stating that motion for enforcement shall be filed in court of continuing, exclusive jurisdiction). In other words, Taylor argues that only the Court of Domestic Relations No. 2 of Dallas County had any authority to act in this matter. Taylor is incorrect.

Subject matter jurisdiction concerns the kinds of controversies a court has the authority to resolve as determined by the constitution, jurisdictional statutes, and the pleadings. *See CSR Ltd.*

*v. Link*, 925 S.W.2d 591, 594 (Tex. 1995); *Davis v. Zoning Bd. of Adjustment*, 865 S.W.2d 941, 942 (Tex. 1993). It is essential to the authority of a court to decide a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553-54 (Tex. 2000) (citing *Tex. Ass'n of Bus. v. Air Control Bd.*, 852 S.W.2d 440, 445-46 (Tex. 1993)). Whether a trial court has subject matter jurisdiction is a question of law subject to de novo review. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004) (citing *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002)).

In 1977, the Texas Legislature passed the Family District Court Act. Act of May 28, 1977, 65th Leg., R.S., ch. 859, §4, 1977 Tex. Gen. Laws 2144, 2154, *repealed by* Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 26, 1985 Tex. Gen. Laws 1720, 2048. The Act "substitutes district courts of general jurisdiction, to be called family district courts, for the existing domestic relations and special juvenile courts." *Id*. §1.02(a). In other words, the Act replaced domestic relations courts with family district courts, which had the same general jurisdiction as other district courts, but had primary responsibility for cases involving family law matters. *Id*. § 1.03(a), (b). The 302nd Judicial District Court, also known as the Family District Court for the 302nd Judicial District, was created by the Act to replace the Court of Domestic Relations No. 2. *Id*. § 2.03; *see also* TEX. GOV'T CODE ANN. §§ 24.601, 24.610 (Vernon 2004) (describing jurisdiction of family district courts; describing jurisdiction of 302nd Judicial District Court as Dallas County). When a family district court is created, "all cases pending in the replaced court are transferred to the family district court which replaces it." Act of May 28, 1977, § 3.03(1). Accordingly, the parties' divorce action in this case was automatically transferred to the 302nd Judicial District Court upon its creation, giving that court jurisdiction of the matter. *See id.* Because the 302nd Judicial District Court had jurisdiction over

this matter, it had jurisdiction to transfer the case to Bexar County, and therefore Taylor's contention is without merit. *See id.* § 2.03; *see also* TEX. GOV'T CODE ANN. §§ 24.601, 24.610.

If we interpret Taylor's first issue to somehow include, beyond the jurisdictional issue, a challenge to the actual transfer to Bexar County we hold the transfer itself was a proper discretionary act by the 302nd Judicial District Court of Dallas County. Section 155.202(b) of the Texas Family Code, entitled "Discretionary Transfer," states that "[f]or the convenience of the parties and witnesses and in the interest of justice, the court, on the timely motion of a party, may transfer the proceeding to a proper court in another county in the state." TEX. FAM. CODE ANN. § 155.202(b) (Vernon 2008). Speck's motion to transfer tracks the language of the statute, and Taylor's attorney agreed to the transfer.[2] The transfer was, therefore, proper. *See id.* Accordingly, we overrule Taylor's first issue.

### Statute of Limitations/Dormancy

#### Section 157.005(b) of the Texas Family Code

In his second issue, Taylor first argues Speck's effort to collect past-due child support and obtain a cumulative money judgment was barred by the limitations provision in section 157.005(b) of the Family Code. However, Taylor concedes that if Speck's "amended" motion for cumulative judgment initiated a new action and there was a valid transfer of the case to Bexar County, then the limitations provision in the current version of section 157.005(b) of the Family Code "may have been unavailable." The current version of section 157.005(b) of the Family Code states:

> The court retains jurisdiction to confirm the total amount of child support arrearages and render a cumulative money judgment for past-due child support . . . if a motion

---

[2] Taylor not only agreed to the transfer, he filed a plea in abatement in which he asked that the case be dismissed because of the agreement of the parties to have the action heard in Bexar County.

for enforcement requesting a cumulative money judgment is filed not later than the 10th anniversary after the date:

> (1) the child becomes an adult; or

> (2) on which the child support obligation terminates under the child support order or by operation of law.

TEX. FAM. CODE ANN. § 157.005(b) (Vernon 2008). Taylor recognizes the current version of section 157.005(b) applies only to enforcement proceedings commenced on or after the effective date of the current version of section 157.005(b), and no such limitations period existed under the version of the Family Code in existence at the time Speck filed her "amended" motion for cumulative judgment. *See* Act of May 20, 1999, 76th Leg., R.S., ch. 556, 1999 Tex. Gen Laws 3058, 3062, *amended by* Act of May 29, 2005, 79th Leg., R.S., ch. 916, 2005 Tex. Gen. Laws 3148, 3156 (current version at TEX. FAM. CODE ANN. § 157.005(b) (Vernon 2008)). Having determined the Dallas County court had jurisdiction to transfer the action to Bexar County, thereby vesting the 407th Judicial District Court with jurisdiction, we must determine whether Speck's "amended" motion for cumulative judgment initiated a new action before June 18, 2005, the effective date of the current version of section 157.005(b).

Speck filed her original motion for cumulative judgment on March 23, 2004. The matter was dismissed for want of prosecution on May 6, 2004. The order stated the matter was being dismissed because the "cause was reached on the Docket, the case was called by the Court and there was no response." On April 5, 2005, before the current version of section 157.005(b) became effective, Speck filed a document entitled "Amended Motion for Cumulative Judgment of Child Support Arrears and Petition for Suspension of Licenses for Failure to Pay Child Support." The only difference between this motion and the original is the total amount of judgment sought, i.e., the

"amended" motion includes arrearages through the end of March as opposed to the end of February. Though it was entitled an "amended" motion, at the time it was filed there was not a pending motion to amend. Given this and the substance of the motion, we interpret this "amended" motion as an original motion filed to reinstitute Speck's claim for arrearages. *See State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) (holding courts look to substance of pleading to determine its nature, not merely at title); TEX. R. CIV. P. 71 (stating that when party has mistakenly designated any pleading, court shall treat it as if it had been properly designated); *see also Johnson v. State Farm Lloyds*, 204 S.W.3d 897, 899 n.1 (Tex. App.—Dallas 2006), *aff'd*, 290 S.W.3d 886 (Tex. 2009) (construing motion entitled "Motion to Compel Appraisal" as motion for summary judgment because in body of motion movant stated she was seeking summary judgment); *In re A.M.K.*, No. 14-03-01208-CV, 2005 WL 3005636, at *5 (Tex. App.—Houston [14th Dist.] Nov. 10, 2005, pet. denied) (mem. op.) (construing motion entitled "Motion to Modify" as request for enforcement of arrearages). This interpretation is further supported by the fact that when she filed the "amended" motion, Speck obtained service of process on Taylor. Taylor appeared in the reinstituted matter by filing a plea in abatement on May 26, 2005, asserting the case should be transferred to Bexar County.

Moreover, if we construe the motion as an amendment to the original motion, somehow surviving the dismissal for want of prosecution, it would date back to the filing of the original, which was March 23, 2004. Thus, it too would have been filed before the effective date of the current version of section 157.005(b).

Based on the foregoing, we hold the limitations provision found in section 157.005(b) of the Family Code is inapplicable to this case. Accordingly, Speck's claim for arrearages was not barred under this provision.

*Sections 31.006 and 34.001 of the Texas Civil Practice and Remedies Code*

As an alternative to his limitations argument based on section 157.005(b) of the Family Code, Taylor contends Speck was barred by the dormancy provisions in sections 34.001 and 31.006 of the Civil Practice and Remedies Code. Section 34.001 provides that if a writ of execution is not issued within ten years after the rendition of a judgment, the judgment is dormant and cannot be executed upon unless revived. TEX. CIV. PRAC. & REM. CODE ANN. § 34.001(a) (Vernon Supp. 2009). A judgment can be revived if a writ of *scire facias* or an action of debt is brought no later than two years after the judgment becomes dormant. *Id*. § 31.006 (Vernon 2008). However, in 2009, the Texas Legislature amended section 34.001 to provide that it did not apply to child support judgments under the Family Code. *Id.* § 34.001(c). Moreover, the Legislature specifically provided that the amendment applied "to each judgment for child support under the Family Code, regardless of the date on which the judgment was rendered." *See* Act of May 17, 1985, 69th Leg., R.S., ch. 959, 1985 Tex. Gen. Laws 3242, 3272, *amended by* Act of May 21, 2009, 81st Leg., R.S., ch. 767, 2009 Tex. Sess. Law Serv. 1935, 1945, 1947 (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 34.001 (Vernon Supp. 2009). Accordingly, the dormancy and revival restrictions in the Civil Practice and Remedies Code do not apply in this case.

Moreover, Taylor's argument lacks merit for two additional reasons. First, he did not plead dormancy. Dormancy is an affirmative defense that must be raised in the pleadings. *See Cadle v. Jenkins*, 266 S.W.3d 4, 7 (Tex. App.—Dallas 2008, no pet.); TEX. R. CIV. P. 94. Second, this court has held, prior to its amendment, that sections 34.001 and 31.006 did not apply in a situation nearly identical to that presented here. *See In re J.M.R.*, No. 04-03-00284-CV, 2004 WL 1292284, at *1-*2

(Tex. App.—San Antonio Jun. 23, 2004, no pet.).  Accordingly, we overrule Taylor's second issue in its entirety.

### *Attorney's Fees*

Finally, Taylor contends the trial court erred in awarding attorney's fees "in general and specifically a judgment for $6,000.00 in attorney fees" in the event he filed a bankruptcy petition.

As for the general award of attorney's fees, which amounted to $7,025.00 in trial attorney's fees, plus contingent appellate fees, Taylor argues there is no statutory authority for an award of attorney's fees based on an effort to obtain a cumulative money judgment for child support arrearages.  Taylor is incorrect.  Attorney's fees are not only permitted, but are mandated by section 157.167 of the Family Code when a respondent has failed to make child support payments:

> If the court finds that the respondent has failed to make child support payments, the court ***shall*** order the respondent to pay the movant's reasonable attorney's fees and all court costs in addition to the arrearages.  Fees and costs . . . may be enforced by any means available for the enforcement of child support orders, including contempt.

TEX. FAM. CODE ANN. § 157.167 (Vernon 2008) (emphasis added).  Here, Speck sought to enforce a prior child support order by way of a motion for cumulative judgment as provided in section 157.263, and the court's order found Taylor failed to make child support payments.  *See id.* §§ 157.167, 157.263.  Therefore, the trial court was required to award Speck reasonable attorney's fees.

Taylor argues attorney's fees are permitted only under rule 308a of the Texas Rules of Civil Procedure[3] only "when a claim is for violation of a court order for the payment of child support." His contention is without merit.  Rule 308a applies only when the trial court appoints an attorney to

---

[3] In his brief, Taylor refers to Rule 208a.  We assume this reference was a typographical error because Rule 208a was repealed effective April 1, 1984.

"determine whether there is reason to believe that the court order has been violated." TEX. R. CIV. P. 308a. Here, no attorney was appointed to represent Taylor, Speck, or the adult children.

With regard to the trial court's award of attorney's fees relating to bankruptcy, the trial court ordered:

> In the event of the filing of a petition for bankruptcy by John Carroll Taylor an additional judgment of $6,000.00 for attorney's fees is granted in favor or [Speck's attorney's] for the collection of child support.

Taylor's only argument with regard to these fees is that the award "is an attempt to preempt the power and jurisdiction of the Federal Bankruptcy Court." In support of this argument, Taylor cites *Sw. Motor Transp. Co. v. Valley Weathermakers, Inc.*, 427 S.W.2d 597 (Tex. 1968). This case, however, is inapplicable. In *Sw. Motor Transp.*, the supreme court was asked to decide whether a cause of action was governed by state law, which would allow a recovery of attorney's fees, or by federal law, which would not. 427 S.W.2d at 599. The supreme court held federal law controlled, and therefore attorney's fees were not recoverable. *Id.* at 603-04.

Here, there is no question that Speck's suit to recover child support arrearages is governed by the Texas Family Code, which specifically allows recovery of attorney's fees when a court finds that a respondent has failed to make child support payments. *See* TEX. FAM. CODE ANN. § 157.167. Moreover, the trial court's decision to award conditional attorney's fees for collection of the past due child support in the event of a bankruptcy does not preempt or otherwise intrude upon the jurisdiction of the trial court. Rather, such an award is akin to the conditional award of attorney's fees in the event of success on appeal, or in the event of a successful defense on appeal. *See Jones v. American Airlines, Inc.*, 131 S.W.3d 261, 271 (Tex. App.—Fort Worth 2004, no pet.) (holding that it is well-settled that where attorney's fees are recoverable, any award of attorney's fees may

include appellate attorney's fees as long as they are properly conditioned); *Villasenor v. Villasenor*, 911 S.W.2d 411, 420 (Tex. App.—San Antonio 1995, no writ) (recognizing award of appellate attorney's fee appropriate when conditioned upon successful appeal). Given that the trial court is mandated to award attorney's fees by section 157.167, and a conditional award of post-judgment attorney's fees is recognized in Texas, we see no error in the trial court's award of additional attorney's fees in the event of a bankruptcy filing by Taylor. Accordingly, we overrule Taylor's third issue.

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.


Marialyn Barnard, Justice