# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| BAKER ATLAS, a division of BAKER HUGHES OILFIELD OPERATIONS, INC., | No. 76793-3-I (consolidated with No. 76892-1-I) |
| Respondent/Cross Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| PRINCE CHERUVATHUR, | |
| Appellant/Cross Respondent. | FILED: May 20, 2019 |

APPELWICK, C.J. — In 2004, Baker obtained a Texas judgment against Cheruvathur. In 2017 supplemental proceedings, Cheruvathur argued that Baker's judgment had expired under Texas law. The trial court entered an order finding that the life of the judgment was tolled for 542 days during Cheruvathur's bankruptcy, went dormant on January 20, 2016, could be revived under Texas law, but was not extended by earlier garnishment efforts in Washington. Cheruvathur argues that his bankruptcy did not toll the life of the judgment, and, if it did, the trial court erred in calculating the tolling period. We affirm.

## FACTS

On July 28, 2004, Baker Atlas, a division of Baker Hughes Oilfield Operations Inc., obtained a final judgment against Prince Cheruvathur, a former employee, in Harris County, Texas. During Cheruvathur's employment, Baker had asked him to draft a source code for a data analysis software. After Cheruvathur

completed a test copy of the source code, he deleted certain software files from a shared drive on Baker's network. Baker was unable to get a copy of the source code back and sued Cheruvathur in Texas. The 2004 judgment against Cheruvathur included damages and a permanent injunction.

Baker filed the foreign judgment in King County Superior Court on August 20, 2010. On August 30 and 31, the trial court issued two writs of garnishment to Microsoft Corporation (Microsoft) and Volt Information Sciences Inc. (Volt), which Baker believed to be Cheruvathur's employers. In response to the writs, Microsoft and Volt stated that they did not employ Cheruvathur, and had no possession or control over his funds. On October 11, the court issued another writ of garnishment to Cheruvathur's employer, Comsys Information Technology Services Inc. (Comsys). On November 3, Comsys notified Baker's attorney that, as of November 1, it no longer employed Cheruvathur and could not execute the request to withhold wages.

On October 19, 2010, Baker filed a motion for supplemental proceedings, asking the trial court to order Cheruvathur to appear for an examination and bring with him certain financial documents. The court granted the motion and ordered Cheruvathur to appear on November 10, 2010. On the day he was ordered to appear, Cheruvathur filed a petition for chapter 7 bankruptcy with the United States Bankruptcy Court.

On February 14, 2011, Baker filed an action in the bankruptcy court to determine whether its judgment was nondischargeable. The bankruptcy court

2

granted Cheruvathur a discharge on June 17, 2011. Baker and Cheruvathur then entered into a settlement agreement, in which they agreed, among other things, to file an agreed order of nondischargeability. On May 6, 2012, after Cheruvathur's discharge but before his case was terminated, the bankruptcy court entered an order of nondischargeability, and found that Baker's 2004 judgment was nondischargeable. The bankruptcy court terminated Cheruvathur's case on November 30, 2012.

On February 8, 2017, Baker filed another motion for supplemental proceedings, asking the trial court to order Cheruvathur to appear, to bring certain documents, and to testify as to his assets that might be used to satisfy Baker's judgment. Cheruvathur objected, arguing that Baker's judgment had expired under Texas law and could not be enforced in Washington. The trial court ordered Cheruvathur to appear over his objection, and set a hearing for March 28.

On March 30, 2017, the trial court entered an amended order, finding that Baker's judgment went dormant on January 20, 2016 and could not be enforced, but that Baker could revive the judgment in Texas. The court stated the following:

> IT IS HEREBY ORDERED that the time period to enforce the final judgment entered in Harris County Texas on July 28, 2004 in Cause no. 2004-14485 (the "Judgment), which Judgment was registered in King County Washington on August 20, 2010 in King County cause no. 10-2-30072-4 (this "Action), was tolled during the pendency of Debtor's bankruptcy . . . from the filing of the bankruptcy petition on November 11, 2010 through the Order of Nondischargeability entered on May 6, 2012 . . . which is a total of 542 days. Therefore, under Texas law, the 10-year period under Tex. Civ. Prac. & Rem. Code[1] § 34.001 was tolled for 542 days, and the Judgment went dormant on January 20, 2016. As such, the

---

[1] Texas Civil Practice and Remedies Code.

Judgment is dormant and cannot be enforced. The judgment may be revived under Texas law in Texas.

IT IS FURTHER ORDERED that the writs of garnishment issued in Washington in this Action in 2010 were not "executions" under Texas law and did not extend the time period for enforcing the judgment.

Cheruvathur appeals and Baker cross appeals.

## DISCUSSION

Baker makes two arguments. First, it argues that this appeal is moot because Baker revived its judgment in Texas on May 8, 2017, and collateral estoppel bars this appeal. Second, it argues that the trial court erred in concluding that the 2010 writs of garnishments were not executions under Texas law.[2]

Cheruvathur also makes two arguments. First, he argues that his filing of a chapter 7 bankruptcy petition did not extend the time that Baker's judgment remained active. Second, he argues that, even if his bankruptcy petition tolled the life span of Baker's judgment, the trial court did not properly calculate the amount of time that the judgment was tolled.

I.  Foreign Judgments

At issue is the interpretation of statutes governing the life span of a foreign judgment, whether a bankruptcy action tolls the life span of that judgment, and the amount of time during which that judgment is tolled. These are questions of law that this court reviews de novo. See Williams v. Tilaye, 174 Wn.2d 57, 61, 272 P.3d 235 (2012).

---

[2] At oral argument, Baker stated that if this court affirms the trial court order, it need not reach its argument that the 2010 writs of garnishment were executions under Texas law. Because we affirm, we do not reach Baker's second argument.

The Uniform Enforcement of Foreign Judgments Act (UEFJA) allows a creditor with a judgment against a debtor from another jurisdiction to enforce that judgment in Washington. RCW 6.36.025. The creditor may file the foreign judgment "in the office of the clerk of any superior court of any county of this state." RCW 6.36.025(1). Once the creditor files the foreign judgment, it "has the same effect and is subject to the same procedures . . . and proceedings for reopening, vacating, staying, or extending as a judgment of the superior court of this state and may be enforced, extended, or satisfied in like manner." RCW 6.36.025(1).

But, this statute "is limited by RCW 6.17.020(7), which provides the lifetime of a registered foreign judgment cannot extend beyond the lifetime of the underlying judgment." TCAP Corp. v. Gervin, 163 Wn.2d 645, 651, 185 P.3d 589 (2008). Specifically, RCW 6.17.020(7) states,

> Except as ordered in RCW 4.16.020(2) or (3), chapter 9.94A RCW, or chapter 13.40 RCW, no judgment is enforceable for a period exceeding twenty years from the date of entry in the originating court. Nothing in this section may be interpreted to extend the expiration date of a foreign judgment beyond the expiration date under the laws of the jurisdiction where the judgment originated.

In Washington, a party in whose favor a judgment has been filed "may have an execution, garnishment, or other legal process issued for collection or enforcement of the judgment at any time within ten years from . . . the filing of the judgment in this state." RCW 6.17.020(1). Baker filed its 2004 Texas judgment in Washington on August 20, 2010. Thus, unless the underlying foreign judgment expires in Texas, Baker can enforce the judgment in Washington until August 20, 2020.

In Texas, "[i]f a writ of execution is not issued within 10 years after the rendition of a judgment . . . the judgment is dormant and execution may not be issued on the judgment unless it is revived." TEX. CIV. PRAC. & REM. CODE ANN. § 34.001(a). If a writ of execution is issued within 10 years after the judgment "but a second writ is not issued within 10 years after the issuance of the first writ, the judgment becomes dormant." Id. at § 34.001(b). Once a Texas judgment becomes dormant, it can be revived "by a petition for writ of scire facias or an action of debt. A creditor must bring either type of action no later than two years after the judgment becomes dormant." Harper v. Spencer & Assocs., P.C., 446 S.W.3d 53, 55 (Tex. App. 2014). Accordingly, unless Baker executed on the judgment, or it was tolled, the judgment expired in Texas on July 28, 2014, 10 years after it was entered.

## II. Mootness

As an initial matter, Baker argues that this appeal is moot because a Texas court has already revived and extended the life of the judgment, and Cheruvathur did not appeal that decision in Texas.

"An appeal is moot where it presents purely academic issues and where it is not possible for the court to provide effective relief." Klickitat County Citizens Against Imported Waste v. Klickitat County, 122 Wn.2d 619, 631, 860 P.2d 390, 866 P.2d 1256 (1993). "When an appeal is moot, it should be dismissed." Id.

Baker states that on May 8, 2017, a district court in Harris County, Texas entered an order granting Baker's application for writ of scire facias, reviving its

6

2004 judgment against Cheruvathur. The copy of the order Baker provides is stamped "Unofficial Copy Office of Chris Daniel District Clerk." Baker argues that the Texas order means that there is a valid and enforceable judgment in Washington, already filed in Washington under the UEFJA, and subject to the full faith and credit clause of the United States Constitution.

Under the full faith and credit clause of the United States Constitution, a judgment rendered by one state is entitled to recognition in Washington. U.S. CONST. art. IV, § 1. The records and judicial proceedings of another state, or copies thereof,

> shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

28 U.S.C. § 1738.

Here, the copy of the Texas order reviving the judgment is an unofficial copy. It is not accompanied by an attestation of the clerk, or a certificate of a judge that the clerk's attestation is in proper form. As a result, this court has no way of knowing whether the order is subject to full faith and credit in Washington. Accordingly, this appeal is not moot.[3]

---

[3] Baker also argues that collateral estoppel bars this appeal. Baker bases its argument on the Texas action reviving the judgment. But, as established above, we have no way of knowing whether the Texas order reviving the judgment is subject to full faith and credit in Washington. And, there are no other documents from the Texas action in the record. As a result, we do not address Baker's collateral estoppel argument.

7

III.    Effect of Bankruptcy Filing

Cheruvathur argues that the trial court erred in holding that his filing of a chapter 7 bankruptcy petition extended the time Baker's judgment remained active. He relies on two Texas cases.[4]

The Washington trial court determined that Baker's foreign judgment "was tolled during the pendency of Debtor's bankruptcy . . . from the filing of the bankruptcy petition on November 11, 2010 through the Order of Nondischargeability entered on May 6, 2012 . . . which is a total of 542 days." Therefore, it held that "the 10-year period under Tex. Civ. Prac. & Rem. Code § 34.001 was tolled for 542 days, and the Judgment went dormant on January 20, 2016."

The first case Cheruvathur relies on, Cade v. Stone, No. 13-12-00630-CV, 2013 WL 3009853, at *4 (Tex. Ct. App.) (mem. op.),[5] directly addresses whether the pendency of bankruptcy proceedings tolls the time limit for moving to revive a judgment. In that case, Cade filed a judgment against Stone in Texas on October 8, 1993. Id. at *1. On July 13, 1995, a writ of execution was issued on the judgment, "but was returned nulla bona." Id. On October 23, 1998, Stone filed for chapter 11 bankruptcy protection, and his bankruptcy case was eventually dismissed on August 18, 2003. Id. On January 6, 2012, Cade sued Stone in order

---

[4] Cheruvathur also cites a Washington case. But, because Baker's ability to enforce the judgment in Washington depends on whether the judgment expired in Texas, we look to Texas case law on the effect of a bankruptcy filing. See RCW 6.17.020(7).

[5] Texas Rules of Appellate Procedure 47.7 provides that memorandum opinions in civil cases issued on or after January 1, 2003 have precedential value.

to revive the dormant 1993 judgment. Id. Both parties then moved for summary judgment, which the trial court granted in favor of Stone. Id.

On appeal, the court noted that the 1995 writ of execution would ordinarily mean that the "the time for execution would be extended to July 13, 2005." Id. at 2. But, Cade argued that the automatic bankruptcy stay tolled the dormancy period until May 8, 2010. Id. Specifically, he argued that the bankruptcy was pending for 1,760 days, so that the statutory 10 year execution period, "which would have expired on July 13, 2005, was therefore extended by 1,760 days." Id.

The court agreed with Cade and reversed the trial court's order. Id. at 8. It noted that, under Texas law, Cade had 10 years following the 1995 writ of execution to apply for another writ, and an additional two years within which he could revive the judgment. Id. at 6. It also noted that in Texas, where a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is prevented should not be counted against him in determining whether limitations have barred his right. Id. at 5. Therefore, the court found that, under 11 U.S.C. § 108(c)[6] and applicable nonbankruptcy law, the

---

[6] 11 U.S.C. § 108(c) provides:,

[I]f applicable nonbankruptcy law . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

9

limitations period for executing on the 1993 judgment did not expire until May 8, 2010. See Cade, 2013 WL 3009853 at 6.

Cheruvathur argues that the Cade court's use of the term "statute of limitations" shows a misunderstanding of Texas law by the Texas court. He argues that Texas law is better illustrated by Cadle Co. v. Jenkins, 266 S.W.3d 4 (Tex. App. 2008), which "clearly noted a difference between a statute of limitations and the expiration of a judgment." But, the Cadle court did not address whether the pendency of a bankruptcy proceeding tolls the time limit for reviving a judgment.

Cadle challenged the trial court's ruling that the 10 year life of its judgment against Jenkins was not tolled during Jenkins's absence from the state. Id. at 5-6. Cadle relied on a Texas statute addressing the time a potential plaintiff has "to bring suit against a person 'against whom a cause of action may be maintained.'" Id. at 6. Under the statute, Texas Civ. Practice & Remedies Code Annotated § 16.063, time may be tolled on a statute of limitation when the potential defendant is temporarily away from the state. Id.

The Cadle court affirmed the trial court's ruling. Id. at 8. It found that the statute did not apply to the 10 year life span of Cadle's judgment, because it speaks to the tolling of the applicable statute of limitations. Id. at 7. And, "[t]he ten-year period created by section 34.001 is not a 'statute of limitations' within the common

---

(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

10

meaning of that term." Id. The court also noted that Cadle had a judgment against Jenkins, "not a 'cause of action' to maintain against" him. Id.

Cadle is not on point. The similarity is that Cadle and Baker each held a judgment, not a potential cause of action, against their debtor. The similarity ends there. The trial court here was not asked to determine that Baker's judgment was tolled by Cheruvathur's absence. Rather, the bankruptcy code created a stay against enforcement of any judgment obtained against Cheruvathur before he filed for bankruptcy. See 11 U.S.C. § 362(a)(2). Because federal law preempts state law where the two conflict, Baker could not enforce the judgment while the stay was in place. See Chae v. SLM Corp., 593 F.3d 936, 941 (9th Cir. 2010).

The purpose of the statute at issue in Cadle, Texas Civil Practice and Remedies Code Annotated § 16.063, is to protect domestic creditors from people who enter Texas, contract a debt, depart, and then default on the debt. Ware v. Everest Grp., LLC, 238 S.W.3d 855, 865-66 (Tex. App. 2007). The statute addresses the time a potential plaintiff has "to bring suit against a person 'against whom a cause of action may be maintained.'" Cadle, 266 S.W.3d at 6 (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 16.063). That time may be tolled "when the potential defendant is temporarily away from the state and, therefore, not amenable to service of process." Id. at 6-7.

Cadle demonstrates that Jenkins's absence from Texas made it impossible for Cadle to serve him there. But, that did not matter since Cadle already had a judgment against Jenkins. See id. at 5. As a practical matter, the judgment was

not enforceable in Texas because Jenkins was not in that state. But, had Cadle located Jenkins in another state and filed the judgment there, there was no legal bar to enforcement. Thus, it makes sense to not toll the life of the judgment, given those circumstances. Here, however, the bankruptcy stay was a legal bar to Baker enforcing its judgment. See 11 U.S.C. § 362(a)(2). As a result, tolling is equitable.

Based on the Texas cases Cheruvathur provides, the pendency of a bankruptcy proceeding tolls the 10 year life span of a Texas judgment. The Washington trial court did not err in concluding that Cheruvathur's bankruptcy tolled Baker's foreign judgment.

IV. Tolling Period

Cheruvathur argues next that the trial court erred in calculating the time period of the automatic bankruptcy stay. He asserts that the stay ended when he was granted a discharge on June 12, 2011, not when the bankruptcy court entered its order of nondischargeability on May 6, 2012.[7] He relies on 11 U.S.C. § 362(a).

The trial court determined that Baker's judgment was tolled "from the filing of the bankruptcy petition on November 11, 2010 through the Order of Nondischargeability entered on May 6, 2012[,] which is a total of 542 days." Therefore, it found that the judgment went dormant on January 20, 2016.

---

[7] In Cheruvathur's brief, he states that the bankruptcy court entered the order of nondischargeability on May 12, 2012. But, the order was entered on May 6, 2012.

The filing of a bankruptcy petition stays "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case." 11 U.S.C. § 362(a)(2). Under 11 U.S.C. § 362(c),

> (1) [T]he stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;
>
> (2) the stay of any other act under subsection (a) of this section continues until the earliest of—
>
>> (A) the time the case is closed;
>>
>> (B) the time the case is dismissed; or
>>
>> (C) if the case is a case under chapter 7 of this title[,] the time a discharge is granted or denied.

If the court grants a discharge, the automatic stay "is replaced by the permanent injunction of § 524,"[8] which "enjoins creditors from attempting to collect from the debtor or the debtor's assets debts that have been discharged in the bankruptcy." In re Watson, 192 B.R. 739, 749 (B.A.P. 9th Cir. 1996), aff'd, 116 F.3d 488 (9th Cir. 1997). But, "[s]ection 524 does not enjoin actions of creditors who have successfully invoked § 523 by receiving a judgment declaring their debts to be nondischargeable." Id. n.7.

---

[8] 11 U.S.C. § 524 provides:

> (a) A discharge under this title . . .
>
> . . . .
>
>> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

On February 14, 2011, Baker filed an action in the bankruptcy court, seeking a determination that its judgment against Cheruvathur was a nondischargeable debt under 11 U.S.C. § 523. The bankruptcy court granted Cheruvathur a discharge on June 17, 2011. Then, on May 6, 2012, the bankruptcy court entered an order finding that all amounts awarded to Baker in the Texas judgment were "nondischargeable pursuant to 11 U.S.C. §§ 523(a)(4) and 523(a)(6)." Baker was enjoined from attempting to collect the judgment amount from Cheruvathur until it successfully invoked 11 U.S.C. § 523 and received a judgment that its debts were nondischargeable. See Watson, 192 B.R. at 749 n.7. Thus, Baker could not collect from Cheruvathur until the bankruptcy court entered the order of nondischargeability on May 6, 2012.[9]

The life of Baker's judgment was tolled while Baker was prevented from collecting on the judgment during the automatic bankruptcy stay and subsequent injunction. See Cade, 2013 WL 3009853, at *5 ("It is well-settled in [Texas] that where 'a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right.'") (quoting Hughes v. Mahaney & Higgins, 821 S.W.2d 154, 157 (Tex. 1991)).

---

[9] At oral argument, Cheruvathur argued that the order of nondischargeability applied retroactively to Baker's judgment, so that the judgment was never dischargeable and the injunction in 11 U.S.C. § 524 never applied. However, Cheruvathur did not provide authority to support that Baker could have collected on the judgment before receiving the order of nondischargeability. Where a party fails to cite authority in support of a proposition, "the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none." DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962).

Accordingly, the trial court did not err in concluding that Baker's judgment was tolled from the filing of his bankruptcy petition to the order of nondischargeability, a period of 542 days.

We affirm.

WE CONCUR: