

# IN THE
# TENTH COURT OF APPEALS

No. 10-19-00274-CV
No. 10-19-00275-CV
No. 10-19-00276-CV

**JAMES BLEDSOE, JR.,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

## From the 54th District Court
## McLennan County, Texas
## Trial Court Nos. 1987-506-C, 1991-54-C,
## and 1998-859-C

## OPINION

James Bledsoe, Jr. was convicted of three felony offenses:  one in 1988, trial court case number 1987-506-C, appellate case number 10-19-00274-CV; one in 1991, trial court case number 1991-54-C, appellate case number 10-19-00275-CV; and one in 1999, trial court case number 1998-859-C, appellate case number 10-19-00276-CV.  He was assessed costs in each case.  In 2018, the trial court signed an "Order to Withdraw Funds" in each

case and the Department of Criminal Justice began withdrawing money from Bledsoe's inmate account to reimburse the State for Bledsoe's court costs.[1]   When Bledsoe discovered the withdrawals, he filed a motion to rescind the withdrawal order in the trial court in each case.  Each of these motions were denied by the trial court in July of 2019.

On appeal, Bledsoe filed one consolidated brief for all three appeals in which he raised nine issues.  Each issue does not apply to each appeal.  Consequently, we will address the dispositive issues in each appeal, consolidating those discussions when necessary.  The State, notwithstanding two requests by this Court, did not file a brief and affirmatively took no position in response to Bledsoe's issues.  It did, however, send a letter noting its agreement on one issue.

The trial court's orders are reversed and judgments in favor of Bledsoe are rendered.

**APPELLATE CASE NO. 10-19-00276-CV; TRIAL COURT CASE NO. 1998-859-C**

**VOID RULINGS**

In his first issue, Bledsoe contends the Order to Withdraw and the denial of his motion to rescind are void because the district judge who signed both of those documents was the State's attorney at trial and on direct appeal in Bledsoe's underlying conviction and was, therefore, disqualified to act on the Order to Withdraw Funds and the Motion

---

[1] This Court has previously characterized these orders as mere notices pursuant to Texas Government Code section 501.014(e).  *See Ramirez v. State*, 318 S.W.3d 906, 907 (Tex. App.—Waco May 19, 2010, no pet.).  *See also Harrell v. State*, 286 S.W.3d 315, 316 fn.1 (Tex. 2009).  This characterization has never been challenged.  This characterization may not, however, be accurate because the document orders the TDCJ to withhold funds from an inmate's account in a manner and priority different from that specified in the statute.  That issue, if any, is not before us in this appeal.

to Rescind.

Bledsoe did not raise this complaint in his motion to rescind. However, this is not fatal to Bledsoe's issue on appeal. "[A]ny orders or judgments rendered by a judge who is constitutionally disqualified are void and without effect." *In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex. 1998); *In re Wilhite*, 298 S.W.3d 754, 757 (Tex. App.—Houston [1st Dist.] 2009, orig. proceeding). Consequently, the disqualification of a judge is a jurisdictional issue that cannot be waived. *Freedom Communs., Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012). Thus, we will address Bledsoe's first issue.

*Background*

After a jury trial, Bledsoe was convicted in 1999 of Aggravated Sexual Assault-Habitual Offender and sentenced to life in prison. Costs in the amount of $221.50 were assessed. The judgment issued in the underlying criminal case identifies Matthew Johnson as the attorney representing the State in Bledsoe's criminal trial. Further, the trial court clerk's appeal form sent to this Court along with Bledsoe's notice of appeal to the criminal conviction also reflects that Matthew Johnson represented the State on Bledsoe's criminal trial appeal.

Almost 20 years later, the trial court judge in this appeal, the Honorable Matt Johnson, signed an Order to Withdraw Funds, permitting funds to be withdrawn from Bledsoe's Inmate Account to pay Bledsoe's court costs. Eight months later, the Honorable Matt Johnson also signed an order denying Bledsoe's motion to rescind the withdrawal of funds order. There is no dispute that the attorney who represented the State in Bledsoe's criminal trial and appeal is the same person who, as a trial court judge, signed

the Order to Withdraw and the Order which denied Bledsoe's motion to rescind.[2]

*Disqualification*

As it pertains to this case, a trial judge may be removed from presiding over a particular case due to a disqualification under article V, section 11 of the Texas Constitution. *See In re Union Pac.*, 969 S.W.2d 427 at 428; *In re Sigmar*, 270 S.W.3d 289, 307-08 (Tex. App.—Waco 2008, orig. proceeding), *Spigener v. Wallis*, 80 S.W.3d 174, 179 (Tex. App.--Waco 2002, no pet.). Article V, section 11 provides in pertinent part, "No judge shall sit in any case…when the judge shall have been counsel in the case." TEX. CONST. art. V, § 11.

Likewise, under Texas Rule of Civil Procedure 18b(a)(1), a trial judge must disqualify himself in a proceeding in which "the judge has served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter." TEX. R. CIV. P. 18b(a)(1); *In re O'Connor*, 92 S.W.3d 446, 450 (Tex. 2002) (orig. proceeding). "In summary, a judge is disqualified when two prongs are met: first, the judge or [another attorney in] the judge's law firm was the attorney for a party in the case, and second, the matter before the judge is the same matter that was before the judge or judge's law firm." *In re Wilhite*, 298 S.W.3d 754, 758 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (orig. proceeding). *See O'Connor*, 92 S.W.3d at 449. *Accord In re P.K.*, 560 S.W.3d 413, 418 (Tex. App.—Fort Worth 2018, orig.

---

[2] In a letter to the Court, the State agreed that the two were the same. We also note that the Honorable Matt Johnson is now a justice, elected in 2020, to serve on this Court of Appeals. He has recused himself from participation in these appeals.

proceeding).   Rule 18b(1)(a)'s reference to the "same matter in controversy" is synonymous with the Texas Constitution's reference to "the case."  *In re Wilhite*, 298 S.W.3d at 757-58.  *See Tesco Am., Inc. v. Strong Indus., Inc.*, 221 S.W.3d 550, 553 (Tex. 2006) (Rule 18b(1)(a) "was intended to expound rather than expand the Constitution"); *see also P.K.*, 560 S.W.3d at 418.

*Application*

Based on the record in this case, the trial court judge participated as the State's attorney in the prosecution of Bledsoe, and the matters before the trial court judge 20 years later were the same matters in controversy as the criminal trial because they both arose out of the assessment of costs in the criminal trial and the efforts of the State, County, and trial court to collect those costs.  Thus, the trial court judge was disqualified from rendering the Order to Withdraw Funds and the Order which denied Bledsoe's motion to rescind.

*Conclusion*

Because the trial court judge was disqualified, the Order to Withdraw Funds, signed on November 15, 2018, and the Order which denied Bledsoe's motion to rescind, signed on July 24, 2019, are void.  Bledsoe's first issue is sustained.

Further, because the trial court's orders relating to this appeal are void, we have no jurisdiction to address any other issue that may pertain to this particular appellate case number.

**CONCLUSION — APPELLATE CASE NO. 10-19-00276-CV**

Accordingly, we reverse the trial court's Order to Withdraw Funds, signed on

November 15, 2018, and Order, signed on July 24, 2019, and render judgment that those orders are void.

**APPELLATE CASE NO. 10-19-00274-CV; TRIAL COURT CASE NO. 1987-506-C**
**APPELLATE CASE NO. 10-19-00275-CV; TRIAL COURT CASE NO. 1991-54-C**

**DORMANT JUDGMENTS**

In his sixth and seventh issues, Bledsoe contends the trial court erred in issuing orders to withdraw funds and also erred in denying Bledsoe's motion to rescind in trial court case numbers 1987-506-C (appellate case number 10-19-00274-CV) and 1991-54-C (appellate case number 10-19-00275-CV) because the monetary portions of those criminal judgments became dormant and were not revived before the orders to withdraw funds were issued. [3]

*Background*

Bledsoe was convicted in January of 1988 in trial court case number 1987-506-C and assessed $350.50 in court costs. In April of 1991, he was convicted in trial court case number 1991-54-C and assessed $82.50 in court costs. In November of 2018, an Order to Withdraw Funds was signed by the trial court in each case. And in July of 2019, the trial court denied Bledsoe's motions to rescind those orders in each case.

*Civil Collection Action*

"[C]ourt costs are not part of the [determination or judgment of] guilt or sentence of a criminal defendant; rather, they are a nonpunitive recoupment of the costs of judicial

---

[3] Bledsoe also includes the order in trial court case number 98-859-C in these issues. However, as we noted previously, because we found the order to withdraw in that case was void, we have no jurisdiction to address any other issue that may pertain to that case number.

resources expended in connection with the trial of the case. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014) (internal quotes omitted). Likewise, proceedings under Government Code section 501.014(e) to recover court fees and costs assessed against inmates are not part of the underlying criminal case but are civil in nature. *Harrell v. State*, 286 S.W.3d 315, 316 (Tex. 2009). The statute applies not just to criminal cases but to "all orders for court fees and costs." TEX. GOV'T CODE § 501.014(e)(4); *Harrell*, 286 S.W.3d at 318-319. Thus, properly viewed, an order to withdraw funds pursuant to section 501.014(e) is a civil post-judgment collection action that is (1) distinct from the underlying criminal judgments assessing a conviction, sentence, and court costs, and (2) aimed at seizing funds to satisfy the monetary portion of those judgments. *Harrell*, 286 S.W.3d at 319. Through this procedure, the trial court is enforcing a money judgment that, while indirectly related to the underlying criminal judgments, is nonetheless removed from them. *Id*.

Thus, as a civil collection action, Bledsoe contends the orders to withdraw funds are subject to the statutory provisions of dormancy and revival; and, his argument continues, because the cost judgments were dormant and had not been revived, the orders to withdraw funds were void and the trial court erred in denying Bledsoe's motions to rescind. We agree, in part, with Bledsoe.

Section 34.001 of the Texas Civil Practice and Remedies Code establishes the life span of a judgment in Texas. *Cadle Co. v. Jenkins*, 266 S.W.3d 4, 6 (Tex. App.—Dallas 2008, no pet.). Unless the judgment is renewed by the issuance of a writ of execution, that life span is ten years, after which the judgment becomes dormant and execution may not be

issued on the judgment unless it is revived. TEX. CIV. PRAC. & REM. CODE §§ 34.001(a), 31.006; *Cadle*, 266 S.W.3d at 6. Ordinarily, a dormant judgment may be revived by scire facias or by an action of debt not later than the second anniversary of the date the judgment becomes dormant. TEX. CIV. PRAC. & REM. CODE § 31.006.

*Application*

Because the Texas Supreme Court has held that an order to withdraw funds is a civil collection action enforcing a money judgment, it necessarily follows that the money judgment, that is, the assessment of court costs in a criminal case judgment, is subject to section 34.001 of the Texas Civil Practice and Remedies Code. *See e.g. Glenn v. State*, 236 S.W.2d 809, 810 (Tex. Crim. App. 1951) ("We are unable to perceive any good reason why the provisions of Art. 3773, R.C.S., [the predecessor to section 34.001] should not govern and apply to all parties, including the state, seeking to enforce a judgment by execution."); *Eason v. David*, 232 S.W.2d 427, 432 (Tex. Civ. App.—Beaumont 1950, no writ) ("The very general terms which we have underlined necessarily include tax judgments unless there is some provision of law which expressly or impliedly excepts tax judgments from said statute [current section 34.001], and we have found no such exception."). The Legislature knows how to exempt judgments from the statute because it has, in fact, exempted child support judgments under the Texas Family Code from the statute's applicability. *See* TEX. CIV. PRAC. & REM. CODE § 34.001(c). Had it wanted to exempt criminal court costs judgments as well, it could have easily done so. It did not.

Here, by the date the orders to withdraw funds were signed, the underlying

money judgments had become dormant.[4]  There is nothing in the record to indicate that the judgments were renewed before they became dormant.  Thus, in order to enforce those judgments through section 501.014(e) of the Texas Government Code, long after they became dormant, the judgments were required to have been revived.  *See* TEX. CIV. PRAC. & REM. CODE §§ 34.001(c), 31.006.  They were not.

### *Conclusion*

The trial court erred in denying Bledsoe's motion to rescind because the trial court had no authority to sign the withdrawal order to collect cost assessed in a dormant judgment.[5]  Accordingly we sustain issues six and seven to that extent.

We find it unnecessary to address any of Bledsoe's remaining issues several of which are more appropriate for evaluation by the trial court in the event the State proceeds to file a suit on the judgments or scire facias.

### CONCLUSION—APPELLATE CASE NO. 10-19-00274-CV AND APPELLATE CASE NO. 10-19-00275-CV

Accordingly, we reverse the trial court's Order in trial court case numbers 1987-506-C and 1991-54-C, signed on July 24, 2019, and render judgment granting "Defendant's Pro Se Motion to Rescind Order/Notice to Withdraw Funds from Inmate Trust Fund Account Due to Judgment(s) Being Dormant and Rescinding the Order to Withdraw

---

[4] The issue of how continued incarceration, parole, or community supervision under a criminal judgment may impact the dormancy of the civil collection of such a judgment for cost is not before us in this appeal.

[5] An execution issued on a dormant judgment is not void, merely voidable.  *See Williams v. Masterson*, 306 S.W.2d 152, 156 (Tex. Civ. App.—Houston 1957, writ ref'd n.r.e.)

Funds" in both trial court cases.[6]

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Neill, and
     Justice Scoggins[7]
Reversed and rendered
Opinion delivered and filed April 21, 2021
[CV06]



---

[6] Any funds removed from Bledsoe's inmate account should be promptly returned thereto.

[7] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.